Jan C. COCHRAN, Plaintiff,

v.

**RESOLUTION TRUST CORP., as Receiver for First Federal Savings & Loan Association, Defendant.**

Civ. A. 92–342–1–MAC (WDO).

United States District Court,
M.D. Georgia,
Macon Division.

Sept. 24, 1993.

Thomas H. Hinson, II, Macon, GA, for plaintiff.

Thomas E. Prior, Charles G. Barger, Jr., S. Lynn Lowry, Atlanta, GA, for defendant.

### ORDER

OWENS, Chief Judge.

Defendant Resolution Trust Corporation ("RTC") has moved for summary judgment on the basis that plaintiff's claim is barred by the *D'Oench, Duhme* doctrine and 12 U.S.C. § 1823(e). After carefully considering the briefs submitted by counsel, the relevant case law, and statutory law, the court makes the following order.

### FACTS

The following facts are undisputed. The claim arises out of a 1977 loan transaction entered into by plaintiff and her former husband with First Federal Savings and Loan Association of Warner Robbins ("First Federal"). Plaintiff and her husband purchased a home with the loan proceeds. In addition to a monthly mortgage payment, the couple paid the bank premiums for a disability policy on the life of the husband which would pay the mortgage in the event of his disability. Subsequently, plaintiff and her husband divorced and the property was deeded over to Ms. Cochran. Thereafter, plaintiff became disabled and sought benefits under the disability policy. Her claim was denied because the policy still insured her former husband and not herself. The RTC was appointed receiver for First Federal on April 12, 1990.

The key factual dispute centers on an alleged conversation between plaintiff and Johnny Bernard, a loan officer with First Federal. Plaintiff testified in her deposition that she spoke with Mr. Bernard after her divorce about transferring the insurance and the mortgage over to her name. Mr. Bernard allegedly stated that he would "take care of everything." (Plaintiff's deposition, p. 8.) The parties disagree on both the content and legal effect of this conversation. Defendant's motion for summary judgment argues that, even if the conversation occurred, such an oral side agreement has no legal effect under 12 U.S.C. § 1823(e).

### DISCUSSION

■ The court should grant summary judgment only if "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The applicable substantive law identifies which facts are material in the case. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ "The movant bears the initial burden to show, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991). When the non-moving party has the burden of proof at trial, the moving party may carry its burden at summary judgment either by presenting evidence negating an essential element of the non-moving party's claim or by pointing to specific portions of the record which demonstrate that the non-moving party cannot meet its burden of proof at trial; merely stating that the non-moving party cannot meet its burden at trial is not sufficient. *See Clark*, 929 F.2d at 606–608 (explaining *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970) and *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Any evidence presented by the movant must be viewed in the light most favorable to the non-moving party. *Adickes*, 398 U.S. at 157, 90 S.Ct. at 1608. For the purposes of this motion, the court will assume that the conversation between plaintiff and the bank's agent took place exactly as alleged by plaintiff. Nevertheless, enforcement of this oral agreement is barred by federal common law and 12 U.S.C. § 1823(e).

RTC seeks summary judgment because the oral agreement is against its interests and does not comply with the requirements of 12 U.S.C. § 1823(e) and, therefore, cannot be asserted against RTC. Section 1823(e) codified much of the estoppel doctrine enunciated in *D'Oench, Duhme & Co. v. FDIC*, 315 U.S. 447, 62 S.Ct. 676, 86 L.Ed. 956 (1942), although it did not preempt the com-

mon law doctrine.[1] *See Federal Sav. & Loan Ins. Co. v. Griffin,* 935 F.2d 691, 698 (5th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 1163, 117 L.Ed.2d 410 (1992); *Vernon v. Resolution Trust Corp.,* 907 F.2d 1101 (11th Cir.1990).

The *D'Oench, Duhme* doctrine began as an equitable principle to prevent one from defrauding the FDIC through a secret oral agreement which would not be apparent to the FDIC when examining the books of a troubled bank. In *D'Oench, Duhme,* the Supreme Court estopped a borrower from asserting a "secret agreement" as a defense to an FDIC action to collect on the note. The defendant borrower had executed a promissory note with the bank which was recorded as a bank asset although no consideration was given for the note and the bank and the note's maker had secretly agreed not to enforce the note. The Court emphasized the federal policy of protecting the FDIC and public funds against misrepresentations by insured banks. Regardless of the culpability of the borrower, he should not be "allowed to escape liability on the note." *D'Oench, Duhme,* 315 U.S. at 458, 62 S.Ct. at 680. The test for estoppel is "whether the note was designed to deceive the creditors or the public authority or would tend to have that effect. It would be sufficient in this type of case that the maker lent himself to a scheme or arrangement whereby the banking authority on which [the FDIC] relied in insuring the bank was or was likely to be mislead." *Id.,* at 460, 62 S.Ct. at 681.

Section 1823(e) was enacted in 1950. Originally, the statute pertained only to the FDIC acting in its corporate capacity; however, FIRREA expanded the protection of § 1823(e) to the FDIC and RTC when acting as receivers. *See* § 1823(e), *as amended by* FIRREA, Pub.L. No. 101–73, § 217(4), 103 Stat. 254, 256 (1989). Amended § 1823(e) provides:

No agreement which tends to diminish or defeat the interest of the Corporation in any asset acquired by it under this section or Section 1821 of this title, either as security for a loan or by purchase or as receiver of any insured depository institution, shall be valid against the Corporation unless such agreement:

(1) is in writing,

(2) was executed by the depository institution and any person claiming an adverse interest thereunder, including the obligor, contemporaneously with the acquisition of the asset by the depository institution,

(3) was approved by the board of directors of the depositor institution or its loan committee, which approval shall be reflected in the minutes of said board or committee, and

(4) has been, continuously, from the time of its execution, an official record of the depository institution.

The scope of § 1823(e) was broadly interpreted in *Langley v. FDIC,* 484 U.S. 86, 108 S.Ct. 396, 98 L.Ed.2d 340 (1987), thereby strengthening the *D'Oench, Duhme* doctrine. In *Langley,* the borrowers executed a note and mortgage as consideration for a loan to purchase land from the bank. When the Langleys discovered that the bank had misrepresented the acreage of the property, they defaulted and the bank sued on the note. Subsequently, the bank became insolvent and the FDIC was appointed receiver. Defendants argued that they were not responsible for the note due to the breach of the bank's oral express warranty on the land. The FDIC moved for summary judgment claiming that § 1823(e) barred such a defense. The Court held that the oral side agreement was not a valid defense against the FDIC because it did not meet the requirements of § 1823(e). If the parties had agreed to excuse performance of the note in the event of a misrepresentation, then the condition should have been in writing in accordance with § 1823(e). The Court reasoned that the meaning of "agreement" in § 1823(e) would not be any narrower than that given in *D'Oench, Duhme. Langley,* 484 U.S. at 92–93, 108 S.Ct. at 401–402. Accordingly, the Court concluded, § 1823(e) barred

---

1. For a thorough discussion of the relationship between § 1823(e) and the *D'Oench, Duhme* doctrine, *see* Warren L. Dennis, et al., *The D'Oench,* *Duhme Doctrine and 12 U.S.C. Section 1823(e),* 666 PLI/Comm 171 (1993).

claims based on the bank's oral agreement to condition payment on the accuracy of the bank's representations as to the size and nature of the land conveyed. *Id.,* at 96, 108 S.Ct. at 403.

 Similarly, First Federal's agreement to change the insurance policy is undocumented in the bank's records or elsewhere. The agreement fails to comply with the requirements of § 1823(e) or *D'Oench, Duhme* and hence is unenforceable against RTC. Plaintiff does not contend that the agreement is documented, but notes her innocence in failing to meet the statutory requirements. Application of the doctrine does appear harsh under these circumstances. However, Eleventh Circuit precedent requires application of the doctrine even where the borrower was not reckless or even negligent concerning the transaction. *Federal Sav. & Loan Ins. Co. v. Gordy,* 928 F.2d 1558 (11th Cir.1991).

 Plaintiff's brief argues that she did not "lend herself to a scheme" to defraud the banking authorities, and therefore should not be penalized for failing to document the agreement. While culpability is often present to some degree in *D'oench Duhme* cases, *see D'Oench, Duhme,* 315 U.S. 447, 62 S.Ct. 676, the bar applies regardless of the innocence of the parties. *Gordy,* 928 F.2d at 1566; *Bell & Murphy & Assoc., Inc. v. Interfirst Bank Gateway, N.A.,* 894 F.2d 750, 753 (5th Cir.), *cert. denied,* 498 U.S. 895, 111 S.Ct. 244, 112 L.Ed.2d 203 (1990). The elimination of this defense furthers the federal policy of having accurate bank records upon which bank examiners can rely when evaluating the worth of bank assets. *See Gordy,* 928 F.2d at 1567. The policy favors depositors and creditors of the failed bank, who are unaware of the side agreement, over those participating in the agreement who can better protect themselves. Accordingly, plaintiff's defense of innocence does not prevent application of § 1823(e) or *D'Oench, Duhme.*

### CONCLUSION

The court finds that the alleged oral agreement between plaintiff and First Federal was not in writing nor did it plainly appear in the bank's official records and, therefore, it is not enforceable against RTC. Accordingly,

§ 1823(e) and the common-law doctrine of *D'Oench, Duhme* bar plaintiff from asserting the oral side agreement as an affirmative claim against RTC. Defendant's motion for summary judgment is **GRANTED.**

**SO ORDERED.**