**Bill CLARK; Herbert Futch; Austin Hurst; Louis Sliker and William Barrineau, Plaintiffs–Appellants,**

v.

**COATS & CLARK, INC., Defendant–Appellee.**

No. 90–8925.

United States Court of Appeals, Eleventh Circuit.

April 19, 1991.

Jeanne M.L. Player, Spriggs & Kidder, Tallahassee, Fla., for plaintiffs-appellants.

William K. Principe and Rosemary C. Lumpkins, Constangy, Brooks & Smith, Atlanta, Ga., for defendant-appellee.

Before KRAVITCH and COX, Circuit Judges, and RONEY, Senior Circuit Judge.

COX, Circuit Judge:

Plaintiffs Bill Clark, Herbert Futch, Austin Hurst, Louis Sliker and William Barrineau appeal the district court's grant of summary judgment in favor of defendant Coats & Clark, Inc. Because we conclude that the district court improperly construed the Supreme Court's decision in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), we reverse and remand for further proceedings.

### I. FACTS AND PROCEDURAL HISTORY

All five plaintiffs are former employees of Coats & Clark, Inc., and all five were participants under an employee pension plan covered by section 510 of the Employee Retirement Income Security Act (ERISA).[1] Futch and Hurst were terminated in December 1983, after 21 and 26 years of service, respectively. Sliker and Barrineau were terminated in March 1985 after 9 and 25 years service, respectively. Clark was either terminated or accepted volun-

---

1. 29 U.S.C. § 1140 (1988).

tary early retirement[2] in October 1985 after 38 years of employment.

Each plaintiff alleges that Coats & Clark terminated him for the purpose of interfering with his attainment of pension and retirement benefits, in violation of section 510 of ERISA. Clark also asserts that his termination violated section 7(b) of the Age Discrimination in Employment Act (ADEA)[3] and was carried out in a manner intended to inflict severe emotional distress, in violation of Georgia law.

Coats & Clark moved for summary judgment and the district court granted the motion. The court rejected all five plaintiffs' ERISA claims because it found that the plaintiffs could "not establish even a prima facie case that the defendant was motivated by a specific intent to deprive the plaintiffs of pension benefits in violation of Section 510." District Court Opinion and Order, Sept. 20, 1990, at 4. Clark's emotional distress claim was barred, the court held, by the Georgia workers' compensation statute,[4] and even if it were not barred, the court found that Clark alleged "no facts ... that rise to the level of 'extreme and outrageous' conduct required to constitute an intentional infliction of emotional distress." *Id.* Finally, the court dismissed Clark's ADEA claim because he "fail[ed] to present evidence sufficient to establish a prima facie case that the defendant intended to discriminate against him because of his age." *Id.* Even if Clark had presented a prima facie case of age discrimination, the court said, Coats & Clark asserted valid reasons for terminating Clark, and Clark had not and could not "establish that the reasons asserted by the

defendant for his termination are simply pretextual." *Id.* at 4–5.

## II. DISCUSSION

The district court misplaced the burdens in ruling on Coats & Clark's motion for summary judgment. Unfortunately, this problem is not uncommon in our circuit. We think it would be helpful to set out the basic contours of summary judgment law and then describe how Coats & Clark, as the movant, as well as the district court, misinterpreted that law.

### A. Summary Judgment—Pre–Celotex

In *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), the Supreme Court discussed the proper allocation of the parties' burdens on a motion for summary judgment under Fed.R. Civ.P. 56.[5] Adickes alleged a conspiracy between Kress employees and the police to refuse her service in Kress's restaurant. The Supreme Court held that the district court erred in granting Kress's motion for summary judgment. *Id.* at 153, 90 S.Ct. at 1606. "As the moving party, [Kress] has the burden of showing the absence of a genuine issue as to any material fact, and for these purposes the material it lodged must be viewed in the light most favorable to the opposing party." *Id.* at 157, 90 S.Ct. at 1608. Kress had not "carried its burden because of its failure to foreclose the possibility that there was a policeman in the Kress store while [Adickes] was awaiting service, and that this policeman reached an understanding with some Kress employee that [Adickes] not be served." *Id.* Kress, as the moving party, failed to negate an

---

**2.** The precise circumstances of Clark's termination or retirement are disputed.

**3.** 29 U.S.C. § 626(b).

**4.** O.C.G.A. §§ 34–9–1 to 389 (Supp.1990).

**5.** Rule 56 reads in relevant part as follows:

. . . . .

(c) The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to mate-

rial fact and that the moving party is entitled to a judgment as a matter of law.

. . . . .

(e) When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

element of Adickes's claim. Because a jury could decide, based on the material in the record, that such an agreement was reached, a genuine issue of material fact remained, and a trial would be necessary to resolve that issue.

The Court stated that because Kress had not met its initial burden, Adickes "was not required to come forward with suitable opposing affidavits" or other evidentiary material. *Id.* at 160, 90 S.Ct. at 1610. *Adickes* therefore held that unless the movant meets its burden under Rule 56, the obligation of the opposing party does not arise even if no opposing evidentiary material is presented by the party opposing the motion. Further, the *Adickes* Court concluded that this was the rule regardless of which party would bear the burden of proof at trial. *Id.* at 157, 90 S.Ct. at 1608. Our circuit adheres to the *Adickes* rule. *See, e.g., Impossible Elecs. Techniques, Inc. v. Wackenhut Protective Sys., Inc.,* 669 F.2d 1026, 1031 (Former 5th Cir.1982) ("the party seeking summary judgment bears the exacting burden of demonstrating that there is no actual dispute as to any material fact in the case"; "the party opposing a motion for summary judgment need not respond to it with any affidavits or other evidence unless and until the movant has properly carried its burden").

## B. *Celotex*

In 1986, the Supreme Court revisited summary judgment law in a trio of cases, *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986), and *Matsushita Electric Industrial Corp. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Of the three, *Celotex* is the most notable, not because it significantly changed summary judgment law, but because it is so commonly misunderstood and misapplied.

*Celotex* involved an unusual situation. Catrett sued several asbestos manufacturers, including Celotex Corp., alleging her husband's death resulted from his exposure to products containing asbestos. Thirteen of the defendants moved for summary judgment, asserting that since Catrett had presented no evidence that her husband was ever exposed to any products that contained asbestos manufactured by the defendants, there was no genuine issue of material fact. The district court agreed and granted the motions. The Court of Appeals reversed. A two-judge majority held that Celotex's summary judgment motion was "fatally defective" because Celotex "made no effort to adduce *any* evidence, in the form of affidavits or otherwise, to support its motion." *Catrett v. Johns–Manville Sales Corp.,* 756 F.2d 181, 184 (D.C.Cir.1985), *rev'd,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (emphasis in original). The court believed it was bound by the *Adickes* rule that "the party opposing the motion for summary judgment bears the burden of responding *only after* the moving party has met its burden of coming forward with proof of the absence of any genuine issues of material fact." *Id.* (emphasis in original; footnote omitted). The dissenting judge argued that courts should not apply the *Adickes* rule "even in cases where there is not a triable, factual dispute." *Id.* at 188 (Bork, J., dissenting).

The Supreme Court granted certiorari and reversed the Court of Appeals. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Essentially, the Court agreed with the dissenting judge below. The Court held that in the unusual situation presented in *Celotex,* where neither party could prove either the affirmative or the negative of an essential element of the claim—exposure to Celotex's products—Celotex had met its burden by showing that Catrett would not be able to meet its burden of proof at trial. *Id.* at 322–23, 106 S.Ct. at 2552. Celotex met its burden by noting that Catrett "had failed to identify, in answering interrogatories specifically requesting such information, any witness who could testify about the decedent's exposure to [Celotex's] asbestos products." *Id.* at 320, 106 S.Ct. at 2551. The Court's inquiry did not end there, however. By meeting its burden, Celotex merely shifted the burden to Catrett to point to other

portions of the record that would show that there was indeed a genuine issue of fact regarding the causation issue.[6] The Court's conclusion that Celotex had met its burden under these circumstances is understandable. To have required a trial when it was clear from the materials in the record that Catrett could not prove her claim would have been a waste of time and resources, and would have unnecessarily restricted the proper use of summary judgment.

The Court established an exception to the *Adickes* rule for this uncommon situation. We must emphatically state, however, that the Court did *not* overrule *Adickes*. Rather, the Court reiterated that "[o]f course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323, 106 S.Ct. at 2553 (quoting Fed.R.Civ.P. 56(e)). No Justice in either the majority or the dissent in *Celotex* ever questioned that the *Adickes* rule remained the generally applicable rule.[7] In fact, most of the discussion in both the majority and dissenting opinions concerned what constitutes a "showing" of the absence of a genuine issue of material fact sufficient to meet the movant's burden under Rule 56. *See Celotex,* 477 U.S. at 323–25, 106 S.Ct. at 2553–54; *id.* at 331–33, 106 S.Ct. at 2557–58 (Brennan, J., dissenting); *see also id.* at 328–29, 106 S.Ct. at 2555 (White, J., concurring in opinion and judgment of Court).

To summarize, the *Adickes* rule remains the general rule. The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment. *Celotex* did not change the general rule. *Celotex* simply holds that under certain circumstances the movant may meet its Rule 56 burden without negating an element of the non-moving party's claim and that under such circumstances it is sufficient to point to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden. Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial.

### C. *Coats & Clark's and the District Court's Approach*

This court is in a difficult position because of the way this case has been approached by both Coats & Clark, as the moving party, and the district court. The district court never discussed whether Coats & Clark met its burden as the moving party on summary judgment. The opinion discusses only what burden the plaintiffs had and why they did not meet it. We can surmise that the court believed *Celotex* changed the general rule so that under current summary judgment law whoever has the burden at trial (the plaintiffs here) has the burden on summary judgment.[8] As we have pointed out, that is *not* the law.

6. The Court remanded the case to the Court of Appeals for a determination regarding whether Catrett had met her burden under Rule 56 to show that there was a genuine issue of material fact. *Celotex,* 477 U.S. at 327, 106 S.Ct. at 2554–55.

7. It is instructive to note that the dissent fully agreed with the majority that the *Adickes* rule remained the general rule, ("The burden of production imposed by Rule 56 requires the moving party to make a prima facie showing that it is entitled to summary judgment"), *Celotex,* 477

U.S. at 331, 106 S.Ct. at 2557 (Brennan, J., dissenting), but believed Celotex had not met its burden and that therefore summary judgment was inappropriate. *Id.* at 329 & 337, 106 S.Ct. at 2556 & 2560.

8. We hazard this guess because that is the way the district court's opinion and Coats & Clark's appellate brief read and because we have seen such an erroneous interpretation of *Celotex* before, in legal briefs and in a few judicial opinions.

On appeal, Coats & Clark's brief states, "in attempting to withstand summary judgment, not only does the non-moving party have the burden of proving the existence of every element essential to his or her case, but the non-moving party must produce sufficiently probative evidence upon which a jury could reasonably find in its favor." Brief of Appellee at 15. The brief cites *Celotex* and *Anderson* for this erroneous proposition. In arguing the ERISA claim, Coats & Clark's brief discusses only what the plaintiffs have not shown, instead of what Coats & Clark *has* shown. *See, e.g.,* Brief of Appellee at 17 (plaintiffs "have failed to raise material facts sufficient to create an inference that defendant acted with the specific intent to violate their right to pension benefits").

This court must answer the question whether there is a genuine issue of material fact so that summary judgment is inappropriate. To answer that question, we must decide if Coats & Clark met its initial burden on summary judgment. Unfortunately, the district court never determined whether Coats & Clark met its burden, and Coats & Clark's appellate brief does not address the question. This means that if we address the question we must do so in the first instance.

■ "It is the general rule, of course, that a federal appellate court does not consider an issue not passed upon below." *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976). An appellate court does, however, review summary judgment decisions *de novo, Akins v. Snow,* 922 F.2d 1558, 1560 (11th Cir.1991); *Tackitt v. Prudential Ins. Co.,* 758 F.2d 1572, 1574 (11th Cir.1985), and we may in our discretion resolve questions not addressed by the district court. *Singleton,* 428 U.S. at 120, 96 S.Ct. at 2877; *Fox v. Kelso,* 911 F.2d 563, 569 (11th Cir.1990); *Ross v. Kemp,* 785 F.2d 1467, 1474–75 n. 15 (11th Cir.1986). In this case, we elect not to exercise our discretion to address in the first instance the question whether Coats & Clark has met its initial Rule 56 burden. To do so would require us to discharge the movant's Rule 56 responsibility of searching the record and identifying material in support of its motion. The record spans three volumes, contains 94 documents and is over 1100 pages long. We believe that in this case that task is best done at the district court level.[9]

### D. *Reassignment*

■ The plaintiffs argue that if we decide this case should be remanded, as we have, we should direct that it be assigned to a different district judge.[10] They base their argument on the affidavit of a law professor who performed a statistical study of the district judge's rulings in eighteen cases involving certain civil rights claims. The study demonstrates, the plaintiffs assert, that the judge is biased against plaintiffs in such cases.

■ The affidavit is attached to the plaintiffs' appellate brief. It is not part of the record and Coats & Clark has not had the opportunity to challenge its assertions. Affidavits outside the record cannot be con-

---

We note that this problem apparently is not limited to our circuit. A recent empirical study found that in 59 of 98 cases studied (60%) in which summary judgment was entered for the defendant-moving party, "the district court granted summary judgment without any discussion of the sufficiency of the defendant's production in support of the summary judgment motion. Moreover, the courts in 12 of these cases did not discuss any evidence or documentation introduced by defendants in support of the summary judgment motion; instead, they based awards solely on the perceived insufficiency of plaintiffs' production." Issacharoff and Lowenstein, *Second Thoughts About Summary Judgment,* 100 Yale L.J. 73, 92 (1990).

9. We acknowledge the rule that "[f]indings of fact and conclusions of law are unnecessary on decisions ... under ... Rule ... 56." Fed.R.Civ.P. 52(a). We are not asking district courts to provide us with more extensive findings of fact or conclusions of law, but we are asking them to adhere to the mandates of the Supreme Court and Rule 56 and begin their inquiries on a motion for summary judgment by asking whether the moving party has met its burden.

10. We have the authority to order reassignment to a different district judge as part of our supervisory authority over district courts in this circuit. *See* 28 U.S.C. § 2106; *United States v. Torkington,* 874 F.2d 1441, 1446 (11th Cir.1989).

**610**

sidered on appeal. *Hoover v. Blue Cross & Blue Shield*, 855 F.2d 1538, 1543 n. 5 (11th Cir.1988). Because we will not consider the affidavit, the plaintiffs are left with nothing upon which to base their argument for reassignment. We therefore decline to direct reassignment to a different district judge on remand.[11]

### III. CONCLUSION

We therefore VACATE the decision of the district court and REMAND so the court may reevaluate the propriety of summary judgment in light of this opinion. The court should first decide whether Coats & Clark has met its initial burden under Rule 56 to establish that no genuine issue of material fact exists. Then, only if that burden has been met should the court decide whether the plaintiffs have met their burden under Rule 56.

VACATED and REMANDED.

11. Coats & Clark's motion to strike is GRANTED insofar as it seeks an order striking the affida- vit. The motion is otherwise DENIED.