Michael CILURSO, et al., Plaintiffs,

v.

PREMIER CROWN CORP., et al., Defendants.

Civ. No. 90–390–3–MAC(WDO).

United States District Court, M.D. Georgia, Macon Division.

Aug. 8, 1991.

John C. Bell, Jr., Bell & Pannell, Augusta, Ga., Joseph W. Moch, Grand Rapids, Mich., for plaintiffs.

Daniel S. Reinhardt, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for defendants.

## ORDER

OWENS, Chief Judge.

Before the court is defendants Premier Crown Corporation ("Premier Crown") and Sirchie Finger Print Laboratories, Inc.'s ("Sirchie") motion for summary judgment.[1] After careful consideration of the briefs of counsel and the record as a whole, the court hereby issues the following findings of undisputed material fact and conclusions of law.

### UNDISPUTED MATERIAL FACTS

Sirchie purchased the assets of defendant Premier Safety Equipment Company ("PSE"), a manufacturer of products including police motorcycle helmets, on September 28, 1978. See Defendants' Motion for Summary Judgment: Tab 11; Ex. 1, pp. 1–3. The assets included but were not limited to those listed on a schedule attached to the asset sale agreement. The agreement specifically provides that any liabilities of PSE existing at the date of the closing remained the liabilities of PSE. *Id.* at p. 5. The agreement also included a covenant not to compete by PSE.

On November 3, 1978, Premier Crown was incorporated. On November 8, 1978, Sirchie sold, assigned and transferred its interest in PSE to Premier Crown. *See* Defendants' Motion for Summary Judgment, Ex. 2. Premier Crown, like PSE before it, manufactures "Premier" brand police motorcycle helmets.

Anthony Cilurso ("the decedent") was a resident of Bibb County, Georgia and was employed as a Warner Robins Police Officer until his death in 1983. The decedent, while in the course of his duties and while wearing a Premier brand police motorcycle helmet, was involved in a motorcycle accident on or about July 22, 1983.[2] The decedent's helmet came off of his head; he sustained injuries which eventually caused his death.

The Premier brand helmet which the decedent was wearing was labelled:

DOT

MODEL C–2

PREMIER

SAFETY EQUIPMENT CO.

Neither Premier Crown nor Sirchie has ever manufactured a safety helmet with the above labelling.[3] The helmet had been manufactured by PSE prior to Sirchie's purchase of PSE's assets.

### DISCUSSION

Premier Crown and Sirchie seek summary judgment. They argue that Sirchie's purchase of PSE's assets alone does not expose either Sirchie or Premier Crown to liability in lawsuits properly addressed to PSE. Because neither Premier Crown nor Sirchie either manufactured or sold the helmet, they argue, summary judgment as to the claims against them is appropriate.

These arguments are sound. In Georgia, a purchasing corporation does not assume the liabilities of the seller unless: (1) there is an agreement to assume liabilities; (2) the transaction is, in fact, a merger; (3) the transaction is a fraudulent attempt to avoid liabilities; or, (4) the purchaser is a mere continuation of the predecessor corporation. *Bullington v. Union Tool Corp.*, 254 Ga. 283, 328 S.E.2d 726, 727 (1985).

In the case *sub judice*, there is no suggestion of attempted fraud, and while plaintiffs complaint alleges an assumption of liability, the agreement specifically declines the assumption of any of PSE's ex-

---

1. Defendant Robert Asbury ("Asbury") acknowledged service on February 17, 1991, but has filed no answer to the complaint. The assets of Premier Safety Equipment Company ("PSE") were purchased by defendant Sirchie in 1978. Plaintiff represents that PSE is now defunct. The court's order, therefore, applies only as to Premier Crown and Sirchie.

2. For purposes of the summary judgment motion, Premier Crown and Sirchie concede the facts surrounding the alleged motorcycle accident.

3. Plaintiffs do not dispute that the helmet was neither manufactured nor sold by either Premier Crown or Sirchie.

isting liabilities by Sirchie. Plaintiffs do not allege that the asset purchase amounted to a merger. Thus, summary judgment is appropriate, unless there exists evidence to support a claim that Sirchie or Premier Crown is a mere continuation of PSE. *See generally Clark v. Coats & Clark, Inc.,* 929 F.2d 604 (11th Cir.1991).

That the transaction in the case *sub judice* does not amount to a "mere continuation of the predecessor corporation" under Georgia law is made clear by a brief analysis of the *Bullington* case. Under Georgia law, the continuation theory has been restricted to situations where there was some identity of ownership between the asset purchaser and the seller. *See Bullington,* 328 S.E.2d at 727. Plaintiffs themselves have named and served the principal officer of the defunct PSE as a party defendant. There can be no argument that, as Georgia successor liability law requires, identity of ownership exists between PSE and either Sirchie or Premier Crown.

In *Bullington,* the Supreme Court of Georgia expressly declined an invitation to expand Georgia's successor liability law to include cases where:

"1) the predecessor is liquidated after the asset sale, 2) the successor holds itself out to be (sic) public as a continuation and produces the same product line ... and 3) where the successor is benefitting from the good will of the prior manufacturer ..."

*Id.* at 728. Plaintiffs' central arguments in the case *sub judice* advocate successor liability based on Premier Crown's enjoyment of PSE's good will and upon identity of the product manufactured: Premier brand motorcycle helmets. Plaintiffs confuse arguments advocating the expansion of Georgia law for a successor liability theory.

Accordingly, defendants Premier Crown and Sirchie's motion for summary judgment is hereby GRANTED.

SO ORDERED.