James P. BYRNES, Plaintiff,

v.

HONDA MOTOR CO., a Japanese corporation; Honda R & D Company Ltd., a Japanese corporation; and Honda of West Palm Beach Marine, a Florida corporation, jointly and severally, Defendants.

No. 93–8239–CIV.

United States District Court,
S.D. Florida.

Aug. 16, 1995.

Charles Christian Kline, White & Case, Miami, FL, Wilton Lorenzo Strickland, Strickland & Seidule, P.A., Ft. Lauderdale,

FL, Richard Allen Sherman, Fort Lauderdale, FL, for James P. Byrnes.

John Carl Seipp, Jr., Daniel John Kissane, Seipp, Flick & Kissane, Miami, FL, for Honda Motor Co., Ltd, Honda R & D Company, Ltd., American Honda Motor Co., Inc.

## ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT

RYSKAMP, District Judge.

THIS CAUSE came before the Court upon Defendants' Renewed Motion for Partial Summary Judgment filed on June 15, 1995. Plaintiff has responded in opposition.

### I. BACKGROUND

This product liability action[1] arises out of an accident in which plaintiff, James P. Byrnes ("Byrnes") was injured while riding his 1990 Honda motorcycle after an oncoming, left-turning automobile hit Byrnes. Byrnes alleges that his motorcycle was defectively designed, that is, had his motorcycle been equipped with a better lighting system the motorcycle would have been more conspicuous, thereby preventing the accident.

■ On October 4, 1993, the defendants, Honda Motor Co., Ltd., Honda R & D Co., Ltd., and American Honda Motor Co., Inc. ("Honda"), moved for partial summary judgment on issue of inadequate lighting, or conspicuity. Honda argued, inter alia, that the National Traffic and Motor Vehicle Safety Act of 1966 ("the Safety Act")[2] 15 U.S.C. § 1381, et seq. and Federal Motor Vehicle Safety Standard 108, 49 C.F.R. § 571.108, preempted Byrnes' state law claim. On February 17, 1994, the Court denied Honda's motion. On February 28, 1994, in view of the Eleventh Circuit Court of Appeals' opinion in Myrick v. Freuhauf Corp., 13 F.3d 1516 (11th Cir.1994), aff'd sub nom. Freightliner Corp. et al. v. Myrick, —— U.S. ——, 115 S.Ct. 1483, 131 L.Ed.2d 385, the Court issued an Amended Order, affirming its February 17, 1994 decision.[3]

Honda has now filed a Renewed Motion for Partial Summary Judgment on the inadequate lighting allegations of the complaint. Honda argues that summary judgment on plaintiff's conspicuity claim is appropriate because the U.S. Supreme Court's recent decision in Freightliner Corp. v. Myrick, —— U.S. ——, 115 S.Ct. 1483, 131 L.Ed.2d 385 (April 18, 1995), establishes that Byrnes' state claim is preempted by the FMVSS. The Court agrees.

### II. STANDARD FOR SUMMARY JUDGMENT

Fed.R.Civ.P. 56(c) sets forth the standard governing summary judgment. In its most basic form, summary judgment is appropriate where there is no genuine issue of material fact in dispute and the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986) ("some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.") (emphasis in original).

---

1. This action sounds in two counts, strict liability and negligence.

2. The Safety Act requires the Secretary of Transportation to establish "appropriate motor vehicle safety standards." 15 U.S.C. § 1392(a). Pursuant to this authority, Federal Motor Vehicle Safety Standard § 108 ("FMVSS § 108") was enacted. FMVSS § 108 governs motorcycle headlamps and light configurations, and was enacted "to reduce traffic accidents ... by enhancing the conspicuity of motor vehicles on the public roads so that their presence is perceived and their signals understood, both in daylight and in darkness.... 49 C.F.R. § 108(S)(2)." The parties do not dispute that the Congressional intent of FMVSS § 108 is to enhance the conspicuity of motorcycles by mandating specific lighting requirements for motor vehicles, including motorcycles. Consequently, there is no genuine issue of material fact that motorcycle conspicuity is the same "aspect of performance" which is the subject matter of plaintiff's claim in the case at bar.

3. In its Amended Order, the Court stated that "[t]he Myrick opinion does not change this Court's original ruling in this matter, but does render inapplicable the extensive analysis [concerning "actual conflict" preemption] by which this Court arrived at that ruling." See Feb. 28, 1994 Amended Order Denying Summary Judgment at 1 (DE 38).

■ The party opposing summary judgment may not simply rely on the pleadings or mere denials of the allegations. Rather, the opposing party must adduce some evidence showing that material facts are in issue. *Id.* at 256, 106 S.Ct. at 2514. *See also Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) ("Rule 56(c) therefore requires a non-moving party to go beyond the pleadings and by [its] own affidavits or by the depositions, answers to interrogatories, and admissions on file designate specific facts showing that there is a genuine issue for trial."); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

■ The Eleventh Circuit has recently restated the method for allocating burdens in a summary judgment motion. Specifically, in accordance with U.S. Supreme Court precedent,

> The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment.

*Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991). Furthermore, the *Clark* Court stated, "it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id.*

### III. *DISCUSSION*

*Myrick v. Freuhauf* was a consolidated appeal in which similarly injured motorists brought state tort actions against manufacturers of tractors and trailers that were not equipped with anti-lock brake systems. The plaintiffs in those cases alleged that the failure to supply anti-lock brakes was a negli-

gent design which rendered the tractors defective and unsafe. Conversely, the defendants in those cases argued that plaintiffs' claims were preempted by the Safety Act. The Eleventh Circuit held, relying on *Taylor v. General Motors Corp.,* 875 F.2d 816 (11th Cir.1989), *cert. den'd,* 494 U.S. 1065, 110 S.Ct. 1781, 108 L.Ed.2d 783 (1990), that "the Safety Act does not expressly pre-empt common law liability for a safety defect that is addressed by a safety standard established under the Safety Act." *Myrick v. Freuhauf,* 13 F.3d at 1521.

In affirming the Eleventh Circuit's opinion, the U.S. Supreme Court noted that the suspension of the FMVSS section in controversy, Standard 121,[4] made it unnecessary to reach the issue of whether the Safety Act's preemption clause expressly preempted state common law actions:

> [b]ecause no federal safety standard exists, we need not reach respondents' argument that the term "standard" in 15 U.S.C. § 1392(d) pre-empts only state statutes and regulations, but not common law.

*Freightliner Corp. v. Myrick,* —— U.S. at —— n. 3, 115 S.Ct. at 1487 n. 3.

■ Although the Supreme Court did not address the issue of express preemption, the Court made clear that the Safety Act's express preemption clause will apply "whenever a Federal Motor Vehicle Safety Standard ... is in effect" with respect to "the same aspect of performance" regulated by a state standard. *Myrick,* at ——, 115 S.Ct. at 1486. In *Myrick,* there was no express federal standard addressing the same aspect of performance (stopping distances for trucks or trailers) in effect because Standard 121 had been suspended.[5] Consequently, the express preemption provision of the Safety Act did not apply. In the present case, however, there is an express federal standard addressing the same aspect of performance being

---

4. The National Highway Traffic Safety Administration's Standard 121 was a regulation which imposed stopping distances and vehicle stability requirements for trucks. Standard 121 was suspended in 1978 by the Ninth Circuit which held that "the Standard was neither reasonable nor practicable at the time it was put into effect [due to] a strong probability that [ABS] had created a

potentially more hazardous highway situation than existed before the Standard became operative." *Paccar, Inc. v. NHTSA,* 573 F.2d 632, 640, 643 (9th Cir.), *cert. denied,* 439 U.S. 862, 99 S.Ct. 184, 58 L.Ed.2d 172 (1978).

5. *See* n. 4, *infra.*

challenged—motorcycle conspicuity.[6] Here, the plaintiff seeks to have the State of Florida regulate the same aspect of performance with a standard which is not identical to the federal standard.

Because FMVSS § 108 was in effect during the relevant periods associated with the case at bar, and because there is no question that its federal safety standard addresses the same aspect of performance which the plaintiff seeks to regulate by state standard, the Court finds that plaintiff's conspicuity claim is preempted by the Safety Act. 15 U.S.C. § 1392(d); *Freightliner v. Myrick,* —— U.S. ——, 115 S.Ct. 1483 (1995).

## IV. *CONCLUSION*

THE COURT has considered the Motion and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED that the said Motion be, and the same is hereby GRANTED. Summary Judgment on plaintiff's conspicuity claim shall be entered in favor of defendants.

**DONE AND ORDERED.**

**6.** *See* FMVSS § 108 and 49 C.F.R. § 108(S)(2).