United States Court of Appeals,

Eleventh Circuit.

No. 94-2278.

Alan THORNQUEST; Marion Brady; Thomas S. Ward, Plaintiffs-Appellants,

v.

Maxwell C. KING, individually and in his official capacity as Administrative Employee of Brevard Community College; Robert E. Lawton, individually and in his official capacity as Administrative Employee of Brevard Community College; Tace T. Crouse, individually and in his official capacity as Administrative Employee of Brevard Community College, et al., Defendants-Appellees.

May 9, 1996.

Appeal from the United States District Court for the Middle District of Florida. (No. 92-709-Civ-Orl-18), G. Kendall Sharp, Judge.

ON PETITION FOR REHEARING

Before BLACK and BARKETT, Circuit Judges, and RONEY, Senior Circuit Judge.

BARKETT, Circuit Judge:

Professors Marion Brady, Thomas Ward and Alan Thornquest appeal judgments entered in favor of Brevard Community College administrators, College President Maxwell King and the College Board of Trustees (collectively "defendants") in this 42 U.S.C. § 1983 suit.[1] The professors, who were involved in union activity and publicly critical of the College and the Board of Trustees, claimed that they were transferred, fired and/or denied benefits in violation of their federal and state rights to free expression, petition, assembly and substantive due process. Brady further

---

[1] Our prior opinion in this case is reported at 61 F.3d 837 (11th Cir.1995). Rehearing is granted, and this opinion replaces the prior opinion.

alleged that he was fired and denied benefits in violation of federal and state procedural due process. Finally, Brady and Thornquest claimed that the College's "dissent" policy violated their rights to free expression, petition and assembly. The district court granted summary judgment for defendants on all claims.

We affirm the district court's judgment as to all claims except Brady's claims that the College transferred him and the Board discharged him in retaliation for his free speech, and Brady and Thornquest's first amendment claims against the "dissent" policy. We reverse the judgment as to those claims and remand the case for further proceedings.

## I. *BACKGROUND*

Marion Brady, a sociology professor at the College since 1976, became a vocal critic of the College administration and Board in 1988. In letters to the editor, public officials and the Board, Brady criticized the administration and Board for, among other things, expending funds to build the King Performing Arts Center, emphasizing public relations at the expense of education and failing to act on his complaints of improprieties.

In March 1992, Brady was informed by the College that he was being transferred to a different campus. Thereafter, in May 1992, President King recommended to the Board, pursuant to Rule 6A-14.0411(6), Florida Administrative Code, that Brady be discharged on the grounds that he was guilty of misconduct, gross insubordination and willful neglect of duty. Brady responded that President King's recommendation was filed to retaliate against him

for exercising his rights to free speech, petition, assemble and work and to engage in union activity.

Believing the Board to be biased against him, Brady requested that it permit President King's petition to be heard by a Hearing Officer of the Florida Division of Administrative Hearings. The Board denied this request. Brady then filed a lawsuit in state court, asserting under both state law and § 1983 that his transfer by the College, and subsequent threatened termination as recommended by President King's petition, violated his statutory and constitutional rights. In addition to damages, Brady unsuccessfully sought an injunction prohibiting the Board from hearing the discharge petition. By letter, Brady also asked the Board to disqualify itself from hearing the petition because all of its members were biased against him. After only two of the five Trustees disqualified themselves, Brady filed a formal Suggestion for Disqualification of the remaining Trustees, pursuant to Section 120.071, Florida Statutes, which the Trustees denied.

Over Brady's objections, the Board ultimately held a hearing on President King's recommendation of discharge. The three Trustees who had not recused themselves heard from the administrators regarding the allegations of misconduct and gross insubordination, rejected Brady's charges that President King's recommendation and the Board's prospective action were motivated by unconstitutional retaliation, and discharged Brady. The Board also denied Brady accumulated sick leave.

Meanwhile, defendants removed Brady's pending state suit to federal district court. In his Amended Complaint, Brady changed

his initial claim alleging that his threatened discharge based upon President King's petition was unconstitutional to one alleging that his actual discharge by the Board was in retaliation for exercising his first amendment rights. *See* Count II. In addition, Brady repeated in the Amended Complaint his transfer claim contained in the Initial Complaint. *Id.* Brady and Thornquest further alleged that the College's policy on "dissent" was unconstitutional, both facially and as applied.[2] *See* Counts VIII and IX. The lawsuit requested damages, declaratory relief and an injunction requiring immediate reinstatement and prohibiting enforcement of the "dissent" policy.

Following discovery, the district court granted summary judgment against Brady, determining that he was barred from

---

[2]Brady also alleged in the Amended Complaint that the transfer, discharge and denial of benefits violated his substantive due process rights because they were based on arbitrary and capricious reasons. *See* Count I. Brady further alleged that the discharge and denial of benefits violated his procedural due process rights. *See* Count VII. We conclude that Brady's due process claims must be dismissed in light of *McKinney v. Pate,* 20 F.3d 1550 (11th Cir.1994) (en banc), *cert. denied,* --- U.S. ----, 115 S.Ct. 898, 130 L.Ed.2d 783 (1995). In *McKinney,* appellant McKinney was a state employee challenging his termination rendered by a state administrative body. *McKinney,* 20 F.3d at 1554-55. He claimed that his substantive due process rights were violated because he was terminated by a biased board. *Id.* at 1562. Rejecting McKinney's claim, this court held that substantive due process claims arising from non-legislative violations of non-fundamental, state-created property rights (such as employment rights) are no longer cognizable in this circuit. *Id.* at 1560. Brady's substantive due process claim similarly arises from defendants' alleged violation of his state-created, non-fundamental property right in his employment. Accordingly, like McKinney, Brady does not state a cognizable substantive due process claim. *See id.* at 1561. Nor does he state a cognizable procedural due process claim, as conceded by his counsel. *See id.* at 1564. The Amended Complaint also alleged several violations of state law which are irrelevant to the present appeal.

relitigating factual issues the Board had considered.  The court did not address the challenges to Brady's transfer or the College's "dissent" policy, but entered final judgment in favor of defendants on all claims.

## II. *STANDARD OF REVIEW*

Our review of Brady and Thornquest's first amendment claims is *de novo.  See Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 609 (11th Cir.1991).

## III. *DISCUSSION*

In § 1983 actions, federal courts must afford the same preclusive effect to unreviewed state administrative agency factfinding to which it would be entitled in the state's courts, provided the state agency was "acting in a judicial capacity," and "resolve[d] disputed issues of fact properly before it which the parties ... had an adequate opportunity to litigate." *University of Tennessee v. Elliott,* 478 U.S. 788, 799, 106 S.Ct. 3220, 3226, 92 L.Ed.2d 635 (1986) (quotations & citations omitted);  *see also Gjellum v. City of Birmingham,* 829 F.2d 1056, 1070 (11th Cir.1987).

In this case, the Board could not have been "acting in a judicial capacity" because it was acting as Brady's *employer* when it discharged Brady.[3]  *See* Fla.Stat. § 240.319(3)(*l* )1 (providing

---

[3]Unlike Brady's § 1983 substantive due process claim, arising from a state-created, non-fundamental property right in his employment which is not cognizable in this circuit, *see McKinney,* 20 F.3d at 1560, his § 1983 retaliatory discharge claim derives from a specific, fundamental constitutional provision. As we have explained, "although a retaliatory discharge claim by a state employee involves the denial of the state-created benefit of employment, the right upon which a retaliatory government employment decision infringes is the [fundamental] right to free speech, not the right to a job." *Beckwith v. City of Daytona Beach Shores,* 58 F.3d 1554, 1563 (11th Cir.1995).  Accordingly,

that "board of trustees shall provide for the ... *removal* of personnel") (emphasis added); Fla.Admin.Code Rule 6A-14.0411(6) (providing that employee under continuing contract "may be ... *dismissed* by the board upon recommendation of the president") (emphasis added); *Burney v. Polk Community College,* 728 F.2d 1374, 1376 (11th Cir.1984) (recognizing employer-employee relationship between board of trustees and tenured guidance counselor); *see also Perkins v. School Bd. of Pinellas County,* 902 F.Supp. 1503, 1506 (M.D.Fla.1995) (recognizing employer-employee relationship between county school board and teacher); *Weaver v. School Bd. of Leon County,* 661 So.2d 333, 333 (Fla.Dist.Ct.App.1995) (same).

Moreover, the issue of whether Brady's *actual* discharge was in retaliation for exercising his first amendment rights could not have been "properly before" the Board, nor could the parties have had "an adequate opportunity to litigate" this issue before the Board, because it was the Board which in fact discharged Brady. Thus, the issue of whether the Board's action to discharge Brady was motivated by unconstitutional retaliation still remains to be considered.

Unlike Brady's actual discharge which was accomplished by the Board, his earlier transfer was ordered by the College. Any findings of fact made by the Board relevant to Brady's transfer claim must be afforded preclusive effect by the district court in determining whether the College transferred Brady in retaliation for his speech.

The district court must further consider Brady and

"*McKinney* has no impact on such claims." *Id.*

Thornquest's challenges to the College's "dissent" policy, which gave President King the authority to manage dissent and demonstrations, including the authority to "delineate types of acceptable and unacceptable dissent." In furtherance of that policy, the College administration created what was known as a "designated demonstration area" located in a corner of campus removed from the King Performing Arts Center. While this policy was in place, Brady, Thornquest and a dozen other protesters sought to conduct a peaceful demonstration in front of the King Performing Arts Center, rather than in the designated area, resulting in the arrest of two demonstrators.

Brady and Thornquest claim that the policy was unconstitutional on its face and as applied to them. According to defendants, the propriety of summary judgment is demonstrated by evidence that the College is not a public forum and the "dissent" policy reasonably regulates the time, place and manner of demonstrations. From the record before us, we cannot determine that there is no genuine issue of material fact on relevant questions such as whether the performance center is a public forum; if it is a public forum, whether the regulations are narrowly drawn to effectuate a compelling state interest; if it is not a public forum, whether the regulations are reasonable; and whether Brady and Thornquest have standing to challenge the policy. Thus, we remand these claims for consideration by the district court.

## IV. *CONCLUSION*

For the foregoing reasons, we reverse the judgment of the district court as to Brady's first amendment claims that the

College transferred him and the Board discharged him in retaliation for his speech;  and as to Brady and Thornquest's claims against the "dissent" policy.  In all other respects we affirm the district court's judgment in favor of defendants.  Accordingly, we remand the case for further proceedings consistent with this opinion.

AFFIRMED in part;  REVERSED in part;  and REMANDED.