In the Matter of Gregory
D. BISHOP, Debtor.

Gregory D. BISHOP, Plaintiff,

v.

UNITED STATES of America,
INTERNAL REVENUE
SERVICE, Defendant.

Bankruptcy No. N95–12255–WHD.
Adversary No. 96–1023N.

United States Bankruptcy Court,
N.D. Georgia,
Newnan Division.

March 27, 1997.

Ann Reid, Trial Attorney, Tax Division, U.S. Dept. of Justice, Washington, DC, for Defendant.

James M. Kimbrough, Fayetteville, GA, for Debtor/Plaintiff.

## ORDER

W. HOMER DRAKE, Jr., Bankruptcy Judge.

Currently before the Court in this matter is the Motion for Partial Summary Judgment filed by the United States of America. The Motion comes as part of an adversary proceeding, filed by Gregory D. Bishop (hereinafter "the Debtor") to avoid tax liens to the extent they exceed the value of the property involved. The United States, by contrast, seeks a determination that the Debtor's 1991 federal tax liabilities are entitled to priority. This matter constitutes a core proceeding, *see* 28 U.S.C. § 157(b)(2)(H), which the Court will resolve in accordance with the Findings of Fact and Conclusions of Law which follow.

### FINDINGS OF FACT

The Debtor filed his Petition for Relief under Chapter 13 of the Bankruptcy Code on September 25, 1995, and his reorganization plan was confirmed on November 17, 1995. The Internal Revenue Service (hereinafter "the IRS") filed a Proof of Claim reflecting secured claims in the total amount of $90,-712.76, and unsecured priority claims in the amount of $12,639.38. Collectively, these claims arose from the Debtor's obligations for 1990, 1991, and 1992 tax years.

Although conceding that the liens of the IRS could attach to property which was exempt under O.C.G.A. § 44–13–100, the Debtor thereafter commenced the present adversary proceeding, arguing that there no property existed to which the liens of the IRS might attach and, therefore, contending that the liens should be avoided. (Complaint, ¶ 6). As a preliminary matter in that action, the parties now ask that the Court determine the priority of the IRS's claims.

It stands undisputed that the Debtor's tax return for 1991 would have been due on April 15, 1992, but that he applied for and was granted an extension of time to file a return. With that extension, the Debtor's 1991 return was due to be filed by October 15, 1992. (Mem.L.Supp.Mot.S.J., Ex. A). In view of this fact, the United States has moved for Partial Summary Judgment on the issue of priority of the IRS's claim for the Debtor's 1991 federal income tax liabilities. The

Debtor has not responded to the United States' Motion.

## CONCLUSIONS OF LAW

In accordance with Federal Rule of Civil Procedure 56 (applicable to bankruptcy under FED. R. BANKR.P. 7056), this Court will grant summary judgment only if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." FED.R.CIV.P. 56(c). A fact is material if it might affect the outcome of a proceeding under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). The moving party has the burden of establishing the right of summary judgment, *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991); *Clark v. Union Mut. Life Ins. Co.*, 692 F.2d 1370, 1372 (11th Cir.1982).

Section 507 of the Bankruptcy Code grants priority[1] to claims for taxes "for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition." 11 U.S.C. § 507(a)(8)(A)(i). The plain meaning of section 507 is conclusive; "subsection (8)(A)(i) sets the priority period for a tax on income or gross receipts at three years after payment of the tax is due." *Waugh v. U.S. (In re Waugh )*, 1995 WL 714457, No. 3–95–507 at *2 (D.Minn. Sept. 12, 1995).

Because the Debtor filed an extension of time to file his tax return until October 15, 1992, his 1991 return was due, "including extensions," after three years before the filing date of September 25, 1995. The 1991 income taxes and interest are, therefore, entitled to priority under section 507(a)(8)(A)(i).

## CONCLUSION

Having found that the Debtor's 1991 federal income tax return was due less than three years before his filing bankruptcy, the Court concludes that no material question of fact exists, and the IRS is entitled to judgment as a matter of law on the issue of the priority of the 1991 tax claim. As such, it hereby is **ORDERED** that the Motion for Partial Summary Judgment of the United States is **GRANTED.**

**IT IS SO ORDERED.**

---

1. The IRS also contends that section 507 renders the 1991 tax debt nondischargeable. (Mem. L. Supp. Mot. S.J. at 3). Of course, questions of dischargeability may be resolved only by filing an adversary complaint to determine nondischargeability. Because no such complaint has been filed, the Court need not address the merits of this suggestion.