[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 05-16009
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 25, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-01122-CV-T-N

BOOTH TIM JAMES, III,

Plaintiff-Appellant,

versus

MONTGOMERY REGIONAL AIRPORT AUTHORITY,
PHIL PERRY,
GIL WILSON,
JOSEPH JAMES,
in their individual and official capacity,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(May 25, 2006)

Before ANDERSON, BIRCH and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Booth Tim James, III, an African-American male, appeals *pro se* the district court's grant of summary judgment to defendants Montgomery Regional Airport Authority ("MRAA"), Chief Joseph James, Executive Director Phil Perry, and Assistant Director Gil Wilson, (collectively "the defendants"), in their individual and official capacities in his lawsuit alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* As an initial matter, although James's brief is not entirely clear, it appears that he may be challenging the district court's grant of summary judgment to the individual defendants. James argues that Director Perry and Chief James had a duty to prevent employment discrimination by ensuring that the MRAA complied with equal employment opportunity practices, and notes that a supervisor may be held liable in a Title VII action.

We review *de novo* a district court's order granting summary judgment, "applying the same legal standards as the district court." *Chapman v. AI Transp.*, 229 F.3d 1012, 1023 (11th Cir. 2000) (en banc). "Summary judgment is appropriate if the evidence before the court shows 'that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' In making this determination, the court must view all evidence and make

all reasonable inferences in favor of the party opposing summary judgment." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995) (internal citation omitted). "Summary judgment cannot be avoided, though, based on hunches unsupported with significant probative evidence." *Raney v. Vinson Guard Serv.*, 120 F.3d 1192, 1198 (11th Cir. 1997). The summary judgment movant bears the initial burden of showing the court, by reference to the record, that no genuine issues of material fact exist to be determined at trial. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). The movant meets this burden by showing that there is an "absence of evidence to support the non-moving party's case." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593 (11th Cir. 1995).

We have held that individual capacity suits under Title VII are inappropriate because "[t]he relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act." *Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991). Additionally, we have stated that "there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly." *Id.* at 776.

Because individual capacity suits under Title VII are inappropriate, we conclude that the district court did not err by granting summary judgment to the individual defendants.

James next argues that the district court erred by granting summary judgment to the MRAA on his disparate treatment claim because he was denied equal employment opportunities when the defendants promoted a white officer, who had the same general qualifications as him, to the position of Airport Police Sergeant ("APS") apart from the merit system. Specifically, James contends that the defendants secretly appointed a white officer without giving qualified applicants, including himself, the opportunity to apply for the position. He also asserts that, because Barbara Montoya, the Director of MRAA's Personnel Board, failed to provide tangible evidence in support of her testimony that the position of APS required a minimum of two years experience in the position of Airport Police Corporal, the district court should not have relied on her affidavit, as a reasonable basis exists to find that she lied in her affidavit in an effort to mislead the court.

The plaintiff can satisfy his burden of establishing a *prima facie* case of disparate treatment by showing that: (1) he is a member of a protected group; (2) he was qualified for and applied for a promotion; (3) he was rejected in spite of his qualifications; and (4) the person who received the promotion is not a member

4

of a protected group and had lesser or equal qualifications. *Carter v. Three Springs Residential Treatment,* 132 F.3d 635, 642 (11th Cir. 1998).  The establishment of a *prima facie* case creates a presumption of discrimination. *Texas Dep't of Comty. Affairs v. Burdine*, 450 U.S. 248, 254 (1981).  The employer then must offer legitimate, non-discriminatory reasons for the employment action to rebut the presumption. *Id.*  If the employer successfully rebuts the presumption, the burden shifts back to the plaintiff to discredit the proffered nondiscriminatory reasons by showing that they are pretextual. *Id.* at 256.

Because James failed to demonstrate that the legitimate, non-discriminatory reason offered by the MRAA for not promoting him was a pretext for discrimination, we conclude that the district court did not err by granting summary judgment to the MRAA on James's disparate treatment claim.

Finally, James argues that the district court erred by granting summary judgment to the defendants on his hostile work environment claim because the evidence demonstrates that he was subjected to the following harassing acts: (1) white officers made racial remarks and false accusations about him and the black officers who were under his command; (2) when he was the only black officer around, white officers constantly tried to provoke him to fight; and (3) a white officer showed him a picture of a decomposed dead body and told him that it

was a picture of one of his ancestors. James contends that the white officers, who were part of a "racial harassing good old boy system," participated in an "ongoing racial assault" against him in order to get him to resign or be fired or demoted.

In order to prevail on a hostile work environment claim, a plaintiff must establish "(1) that he belongs to a protected group; (2) that he has been subject to unwelcome harassment; (3) that the harassment must have been based on a protected characteristic of the employee . . . ; (4) that the harassment was sufficiently severe or pervasive to alter the terms and conditions of employment and create a discriminatorily abusive working environment; and (5) that the employer is responsible for such environment under either a theory of vicarious or of direct liability." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

Because James failed to submit any admissible evidence in support of his hostile work environment claim, we conclude that the district court did not err by granting summary judgment to the MRAA on this claim.

For the above-stated reasons, we affirm the district court's grant of summary judgment.

**AFFIRMED.**

.