[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 06-12267
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 23, 2007
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00081-CV-WCO-2

ELLEN POPE,

Plaintiff-Appellant,

versus

TARGET CORPORATION,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(February 23, 2007)**

Before BLACK, MARCUS and COX, Circuit Judges.

PER CURIAM:

The plaintiff, Ellen Pope, appeals the district court's order granting summary

judgment in favor of defendant, Target Corporation.  Pope contends that the district

court erred when it concluded that (1) the clothing rack was an open and obvious static condition and (2) Pope could have avoided tripping over the base of the rack through the exercise of ordinary care.

We conduct a de novo review of the district court's summary judgment ruling. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 609 (11th Cir. 1991). Having reviewed the briefs and the relevant portions of the record, we conclude that the district court did not err on these two issues. Appellant Pope argues in her brief, "the District Court essentially held that ordinary care involves getting down and looking underneath the clothes hanging on the rack to discover any hidden dangers." (Appellant Br. at unnumbered page under Argument Citation of Authority section.) However, this is neither the standard of care nor the holding articulated by the district court. The district court correctly notes:

> As for plaintiff's claim that the base of the rack was covered by clothing that obscured her view, if true, plaintiff must have been walking so close to the rack that her foot came under the clothes and hit the base. If the base of the rack was not obstructed by clothing, then plaintiff could have seen it. In either scenario, it is clear to the court that plaintiff could have avoided tripping over the base of the rack through the exercise of ordinary care. (R.1-24 at 7.)

Coupled with "plaintiff's admitted familiarity with the construction of clothing racks in general and her previous experience both working and shopping in similar retail stores" (R.1-24 at 6-7), the district court correctly concluded that plaintiff had "equal

2

knowledge" of the danger posed by the clothing rack's base. Accordingly, the district court properly granted summary judgment in favor of Target Corporation.

AFFIRMED.