[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 08-16134
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 23, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00407-CV-OC-10GRJ

EUGENE A. FISCHER,

Plaintiff-Appellant,

versus

FEDERAL BUREAU OF PRISONS,
as an Agency of the United States
Department of Justice, et al.,

Defendants,

MARK WINSTON TIDWELL, MD,
individually and as an employee of the
Federal Bureau of Prisons,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 23, 2009)

Before BLACK, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Eugene A. Fischer, a federal prisoner proceeding *pro se*, appeals the district court's dispositive order granting summary judgment to Dr. Mark Winston Tidwell, in his civil rights action, brought under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 91 S. Ct. 1999 (1971).[1] Specifically, Fischer alleged Dr. Tidwell acted with deliberate indifference in treating his enlarged prostate condition while he was imprisoned at the United States Penitentiary in Coleman, Florida (USP Coleman), where Dr. Tidwell worked as the medical director. On appeal, Fischer argues the district court erred in granting summary judgment to Dr. Tidwell because he demonstrated the existence of genuine issues of fact with regard to the deliberate indifference claim.

In *Bivens*, the Supreme Court held a plaintiff may bring certain causes of action for damages against a federal officer based on a violation of constitutional rights. *Bivens*, 91 S. Ct. at 2005. The Supreme Court has extended *Bivens* and inferred a cause of action against prison officials for violating a prisoner's Eighth Amendment right to adequate medical care. *Carlson v. Green*, 100 S. Ct. 1468, 1474 (1980). The Eighth Amendment is violated when there is deliberate

---

[1] Fischer does not appeal, and thus has abandoned, any challenge to the district court's dismissal of additional parties, including the Federal Bureau of Prisons and Warden Tracy Johns, and claims, under the Federal Tort Claims Act, 28 U.S.C. § 1346, and 42 U.S.C. § 1983, that he originally included in this civil rights suit. *See Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

indifference to a prisoner's serious medical needs. *Estelle v. Gamble*, 97 S. Ct. 285, 291 (1976).

In order to prove a claim of deliberate indifference, the plaintiff must show: (1) he had a serious medical need (the objective component); (2) the prison official acted with deliberate indifference to that serious medical need (the subjective component); and (3) the official's wrongful conduct caused the injury. *Goebert v. Lee County*, 510 F.3d 1312, 1326 (11th Cir. 2007). To satisfy the subjective component, the plaintiff must prove the prison official subjectively knew of a risk of serious harm, the official disregarded that risk, and the official's conduct was more than gross negligence. *Id.* at 1326-27. Courts are competent to decide as a matter of law whether a plaintiff has met this "difficult burden." *West v. Tillman*, 496 F.3d 1321, 1327 (11th Cir. 2007) (internal quotation marks and emphasis omitted).

Deliberate indifference may be shown where there is "[g]rossly incompetent or inadequate care," *see Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989), the official refuses to provide medical care he knows is necessary, *see Ancata v. Prison Health Servs., Inc.*, 769 F.2d 700, 704 (11th Cir. 1985), or the official delays in providing *necessary* diagnostic care or medical treatment for non-medical reasons, *see H.C. by Hewett v. Jarrard*, 786 F.2d 1080, 1086 (11th Cir. 1986). *But*

*see Harris v. Coweta County*, 21 F.3d 388, 393-94 (11th Cir. 1994) (noting a delay in providing treatment may be constitutionally tolerable, depending on the "nature of the medical need and the reason for the delay"). Mere inadvertence, negligence, or medical malpractice does not rise to the level of deliberate indifference, *Estelle*, 97 S. Ct. at 292, "[n]or does a simple difference in medical opinion," *Waldrop*, 871 F.2d at 1033.

In this case, evidence showed Fischer suffered from an enlarged prostate and chronic blood clotting in his right leg. Dr. Tidwell began treating Fischer at USP Coleman in 2003 by prescribing medication to prevent blood clotting and monitoring the effect of that medication on him. In June 2004, Dr. Tidwell sent Fischer to a consultation with a urologist, who inserted a catheter and recommended prostate reduction surgery following a prostate biopsy to rule out prostate cancer. Upon Fischer's return to USP Coleman, Dr. Tidwell removed the catheter to reduce the risk of an infection and ordered a prostate biopsy, which had to be scheduled after Fischer had been taken off of the medication used to treat his blood clotting condition. The urologist completed the prostate biopsy in October 2004 and prison personnel received the results, which showed no indication of cancer, in November 2004.

Ten days later, Fischer came to the prison medical clinic twice complaining of weakness, blood in his urine, and tenderness of his abdomen, and Dr. Tidwell ordered, over the telephone, that he be taken to the hospital emergency room. There, Fischer was diagnosed with renal failure, sepsis, and retroperitoneal bleeding due to thin blood, and he was hospitalized for about four weeks. Upon his return to prison, Dr. Tidwell continued treating Fischer, and about a month later, in January 2005, a urologist performed prostate reduction surgery on Fischer. Fischer submitted a brief opinion letter from an outside urologist, Dr. Jay Copeland, who opined that Dr. Tidwell was negligent in treating Fischer and delaying routine prostate reduction surgery.

After *de novo* review, viewing all evidence and reasonable factual inferences in the light most favorable to Fischer, *see Turnes v. AmSouth Bank, N.A.*, 36 F.3d 1057, 1060 (11th Cir. 1994), we conclude the district court did not err in granting summary judgment to Dr. Tidwell on Fischer's deliberate indifference claim.[2] The evidence in the record indicates Dr. Tidwell exercised his medical judgment in treating and monitoring Fischer's prostate condition. Evidence of potential error in

---

[2] We note that Fischer has waived any claim related to the blood clotting in his leg because he did not address that issue in response to Dr. Tidwell's motion for summary judgment. *See Transamerica Leasing, Inc. v. Inst. of London Underwriters*, 267 F.3d 1303, 1308 n.1 (11th Cir. 2001). We also decline to address the exhibits Fischer attached to his brief because they are not part of the record. *See Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 609-610 (11th Cir. 1991).

Dr. Tidwell's medical judgment, or a difference in medical opinion from another doctor, did not create a genuine issue of material fact because it did not demonstrate action beyond gross negligence. *See Goebert*, 510 F.3d at 1327; *see also Waldrop*, 871 F.2d at 1033. Accordingly, we affirm the district court's grant of summary judgment to Dr. Tidwell.

**AFFIRMED.**