Mark CHAD, et al., Plaintiffs,

v.

**CITY OF FT. LAUDERDALE,**
Defendant.

No. 93–6970–CIV.

United States District Court,
N.D. Florida.

May 27, 1998.

Bruce S. Rogow, Beverly A. Pohl, Fort Lauderdale, FL, for Plaintiff.

### ORDER ON CROSS–MOTIONS FOR SUMMARY JUDGMENT

ROETTGER, District Judge.

**THIS CAUSE** is before the Court on the parties' cross-motions for Summary Judgment. Upon consideration of these motions and the record in this cause, the Court finds as follows.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing, by reference to materials on record, that there are no genuine issues of material fact to be decided at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 320, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991.) A moving party may discharge this

burden by exposing an absence of evidence to support the nonmoving party's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548.

If a moving party satisfies this burden, the nonmoving party may not rest upon mere allegations, but must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," establish that a genuine issue of fact remains for trial. *Id.* at 324, 106 S.Ct. 2548. A "genuine" dispute as to a material fact exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). If the record presents issues of material fact, the court must deny the motion. *Id.*

### SUMMARY JUDGEMENT

#### A. Pertinent Facts

The controversy in this cause began when Defendant City of Fort Lauderdale (City) enacted Rules and Park Regulations for City Parks and Beaches. The overriding purpose of these regulations was "to provide citizens with a safe environment in which recreational opportunity can be maximized." Pursuant to this purpose, the City included in it regulations Rule 7.5, which delineates regulations "intended to eliminate nuisance activity on the beach and provide patrons with a pleasant environment in which to recreate." Among these nuisance eliminating regulations, Rule 7.5(c) states, "Soliciting, begging or panhandling is prohibited." The rules further contain an enforcement provision which potentially subjects violators to arrest and prosecution.[1] As specified, these

---

**1.** Subsection 11.3 provides, as follows:

Trespass

    Any person or group found in violation of the above rules and regulations shall be ordered to leave all City of Fort Lauderdale

rules apply to the City's beach and to a specific stretch of sidewalk adjacent to the beach. The sidewalk was built in conjunction with the City's redevelopment initiative; this initiative, of which the Beach and Park rules were a part, was designed to expand the community's economic base, and to help protect the City's lucrative and important tourist industry.

On November 12, 1993, Plaintiff Mark Chad, at the time a 44–year–old Broward County resident living in public parks and on beaches, brought suit against the City personally and on behalf of the other estimated 5,000 homeless persons in Broward County.[2] Plaintiffs challenged many of the City's new regulations as unconstitutional. In the course of this suit, various events determined the fate of all but one of the claims alleged in Plaintiffs' complaint. The lone issue before this Court, then, concerns the constitutionality of Rule 7.5(c).

The Court has previously addressed some of the First Amendment issues Plaintiffs have raised as to the enforcement of Rule 7.5(c). On June 20, 1994, the Court denied Plaintiffs' motion for a preliminary injunction. In the Order of denial, the Court, scrutinizing the rule under established principles for determining constitutionality, found that Fort Lauderdale beach and the adjacent sidewalk do not qualify as a public forums. As such, Rule 7.5(c) is constitutional as long as the rule is viewpoint neutral, and reasonable in light of the stated purpose of improving the safety, economic viability and aesthetics of the beach. Upon review of the facts, the Court determined that the rule is viewpoint neutral, and reasonable in light of its purpose. Alternatively, the Court found that even if the beach and sidewalk were public forums, Rule 7.5(c) would still be constitutional as it represents a reasonable time, place, and manner restriction on protected speech.

In their present motion for summary judgment, Plaintiffs purport new arguments in support of their position that Rule 7.5(c) is unconstitutional. Namely, Plaintiffs contend that the rule is vague, overbroad, or both, in violation of the Fourteenth Amendment and, as an unconstitutional limitation on speech, the First Amendment.

## B. Void–for–Vagueness

The void-for-vagueness doctrine is linked to the Due Process clause of the Fourteenth Amendment. Generally, the doctrine is rooted in notions of providing "fair notice and warning" to citizens of what any particular legislation prohibits or allows. The doctrine requires legislatures to set reasonably clear guidelines for law enforcement officials and triers of fact to prevent "arbitrary and discriminatory enforcement." *Smith v. Goguen,* 415 U.S. 566, 572–73, 94 S.Ct. 1242, 39 L.Ed.2d 605 (1974). "Reasonably clear" does not, however, require that every law be so crystal clear as to preclude every single vagary or difference of opinion regarding enforcement under any scenario. *C.F. Grayned v. City of Rockford,* 408 U.S. 104, 110, 92 S.Ct. 2294, 33 L.Ed.2d 222 (1972). Rather, "reasonably clear," in the due process con-

---

parks, beaches and recreation facilities for a minimum 24–hour period. Any person who fails to leave all facilities, parks or beach (sic) at the time requested may be arrested and prosecuted for trespassing or prosecuted under other existing ordinances.

2. During the pendency of this action Plaintiff Chad died. However, this Court's August 27, 1997 Order granted Plaintiff's motion for nunc pro tunc class certification as of February 9, 1994. The Plaintiff class is described as "homeless persons in Broward County, including those who beg or panhandle within the area designated by the City to be the Fort Lauderdale beach area." Chad, although deceased, remains by this August 27th Order the named class representative. The vitality of this action and the present motions for summary judgment is reinforced by Fed.R.Civ.P. 25(a)(2), which provides in part, "In the event of the death of one or more of the plaintiffs ... in an action in which the right sought to be enforced survives only to the surviving plaintiffs ... the action does not abate.... [T]he action shall proceed in favor of or against the surviving parties."

text, means simply that the people must be informed as to what the State commands or forbids so that a person of ordinary intelligence can gear his behavior accordingly. *See, e.g., Lanzetta v. New Jersey*, 306 U.S. 451, 453, 59 S.Ct. 618, 83 L.Ed. 888 (1939), *Grayned*, 408 U.S. at 108–09, 92 S.Ct. 2294. These standards may be boiled down to two inquiries: whether there has been sufficient notice, and whether the legislature has established clear minimal guidelines to govern law enforcement. *See, e.g., id.*

■ Focusing on this latter element, the minimal guidelines requirement, Plaintiffs contend that Rule 7.5(c) is so vague as to confound law enforcement officials about what the rule forbids. Plaintiffs note that while the rule prohibits "begging, panhandling, or solicitation," it does not define what those terms mean, or to whom they apply. Plaintiffs point to the fact that although all of the rule's salient terms involve "asking for" something, there is no other limiting language. Rather, Plaintiffs argue, the rule encompasses much more than "nuisance speech" or aggressive speech, but proscribes courteous communication as well. This proscription of courteous speech, Plaintiffs contend, is the rule's "fatal flaw." As Plaintiffs illustrate, asking for help to repair a flat tire falls under the rule's scope, as well as asking for a quarter, soliciting political support, asking for Red Cross donations, and the like. Because all types of "asking," whether it be aggressive asking or courteous asking, may be prohibited, Plaintiffs conclude that the rule is vague.

The Court disagrees. Indeed, the various examples of solicitation Plaintiffs cite, ostensibly in support of their argument, in fact illustrate that the rule is not vague; rather, the rule is easily applied to each of Plaintiffs' scenarios. The absence of more limiting language than the terms themselves, "begging, panhandling, solicitation," is the very thing that saves the rule from vagueness. Had the City attempted to tailor the rule to only "aggressive" types of solicitation, the rule might very well have

failed; the question of what is "aggressive speech" may have sealed its fate. Moreover, the lack of definitions for the terms does not render them vague. Rather, they are common words, known to everyone with ordinary intelligence, and are used in a single straight-forward declaratory sentence.

Further, the Court finds that Plaintiffs' reliance on the rule's proscription of "courteous speech" is misplaced. This argument rides on the dubious assumption that courteous speech may not be intrusive or annoying. Putting aside the subjective vagaries of what is "courteous," the most gentle and deferential approach still must necessarily involve the sacrifice of the listener's privacy. Any solicitation, whether it be for funds or for support or for help, involves some degree of encounter, and most often is accompanied by some depth of explanation. The courteousness of an encounter may have little or nothing to do with its capacity to be a nuisance, depending, as always, upon the nature of the listener. In any event, the degree to which a law prohibits courteous solicitation has .no bearing on whether that law is vague.

For these reasons, the Court finds that the language of the rule, while flexible and broad in the sort of "asking for" behavior it covers, is nevertheless sufficiently clear as to what it prohibits. Thus, the constitutionality of Rule 7.5(c) is not defeated for vagueness.

### C. Overbreadth

■ The next issue is whether Rule 7.5(c) is overbroad. No matter how clear legislation may be, the legislation may still be unconstitutional if it prohibits constitutionally protected behavior. *Grayned*, 408 U.S. at 115, 92 S.Ct. 2294. In this case, Plaintiffs argue that the rule is overbroad in that it prohibits speech protected under the First Amendment.

The threshold issue with respect to Plaintiffs' overbreadth argument is whether begging, panhandling and solicitation

are types of expression entitled to First Amendment protection. In this respect, Defendant argues that begging has been held to lack the necessary particularization of a message required to warrant constitutional protection. *Citing Young v. New York City Transit Authority,* 903 F.2d 146 (2d Cir.1990). However, the United States Supreme Court has made clear that certain types of solicitation are entitled· to First Amendment protection. *See United States v. Kokinda,* 497 U.S. 720, 725, 110 S.Ct. 3115, 111 L.Ed.2d 571 (1990); *Village of Schaumburg v. Citizens for Better Environment,* 444 U.S. 620, 633, 100 S.Ct. 826, 63 L.Ed.2d 73 (1980). Since Rule 7.5(c) is broad enough to subsume ordinary begging, favor seekers, and commercial or political solicitors alike, the Court finds that the rule covers conduct protected by the First Amendment.

■ Clearing this threshold hurdle, Plaintiffs challenge some of the Court's findings in the June 20, 1994 Order. As discussed, this Court found that even if the beach and the adjacent sidewalk were considered public forums, Rule 7.5(c) still qualifies as a reasonable time, place and manner restriction on protected speech.[3] To satisfy the time, place and manner requirements, a regulation must be content neutral, it must be narrowly tailored to serve a significant governmental interest, and must it leave open ample alternative channels for communication.

■ In determining that Rule 7.5(c) is content neutral, the Court found that the rule "applies even-handedly to persons aspiring to solicit, beg or panhandle along the City's beach and adjacent sidewalk regardless of their agenda." Plaintiffs now argue that this determination "overlooks" the fact that the proscribed "asking for" types of speech are singled out from other permissible speech, such as oratory, handbill distribution, or picketing. Be-

cause the rule isolates this sort of "asking for" speech, Plaintiffs contend that the rule is content based.

Plaintiffs new argument does not change the Court's previous analysis. A "type of speech" has nothing to do with the content of the speech itself; rather, it is the form—begging, solicitation—through which the message is conveyed that is banned, and is banned in all cases regardless of what the purpose or message behind the begging or solicitation may be. This form is simply a way of communicating, and does not in of itself have content. Accordingly, the Court reaffirms its finding that Rule 7.5(c) is content neutral.

■ Plaintiffs further challenge the Court's prior determination in the June 20, 1994 Order that Rule 7.5(c) is narrowly tailored. A rule is narrowly tailored as long as it promotes a significant governmental interest that would be less effectively· accomplished without it. *Clark v. Community for Creative Non-Violence,* 468 U.S. 288, 297, 104 S.Ct. 3065, 82 L.Ed.2d 221 (1984). In light of this standard, this Court found that the City has a significant interest in eliminating nuisance activity along the beach, and in promoting a safe, healthful, and aesthetic environment in which recreational activity can be maximized. As the Order further discussed, the City's beach is famous, unique, and its chief asset; the beach's redevelopment and rehabilitation play a vital role in the financial well-being of the City. On the strength of these facts, the Court found that promoting and protecting the safety and aesthetics of the City's beach is a significant governmental interest. To this end, the Court concluded that Rule 7.5(c) properly furthers legitimate governmental interests which would be less well served without the rule.

---

**3.** The Court is compelled to reiterate its position that both the beach and the adjacent sidewalk are non-public forms. This issue is discussed in detail in the June 20th Order. The reasoning canvassed therein provides the initial basis of the Court's finding that Rule

7.5(c) is constitutional. It was as an *alternative* to this non-public forum basis that the Court determined the rule to be a reasonable time, place and manner restriction on free speech. The Court in no way retreats from that reasoning today.

Plaintiffs now contend that while the rule purports to eliminate nuisance activity and provide a pleasant environment, the rule is not "narrowly tailored" toward this purpose. Rather, Plaintiffs argue, the rule covers all begging, panhandling and solicitation, and not just the aggressive, intrusive, threatening types of begging and solicitation. However, as discussed, any affirmative encounter that would qualify as begging or solicitation is inherently disruptive to one's privacy; any act covered under the rule could be construed as a nuisance. The Court concludes, therefore, that Rule 7.5(c) is narrowly tailored to serve a significant governmental interest.

Accordingly, the Court finds that Rule 7.5(c) does not infringe upon protected First Amendment rights, and is thus not overbroad.

## CONCLUSION

For these reasons, and for the reasons further discussed in this Court's June 20, 1994 Order, the Court finds that Rule 7.5(c) is, over Plaintiffs' challenges, constitutional. Therefore it is

**ORDERED AND ADJUDGED** that Defendants' motion for summary judgment is **GRANTED.** Judgment is hereby entered in favor of Defendant.

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's motion for summary judgment is **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that all pending motions are **DENIED** as moot. The Clerk of Court is hereby directed to close this case.