ZURICH INTERNATIONAL FRANCE,
et al., Plaintiff,

v.

P & O CONTAINERS LIMITED,
et al., Defendant.

No. 94–6124–CV.

United States District Court,
S.D. Florida.

Feb. 17, 1999.

Morgan L. Gaynor, Jacksonville, FL, for Plaintiff.

Jack B. Culp, Jacksonville, FL, James P. Murray, Miami, FL, for Defendant.

## OMNIBUS ORDER

ROETTGER, District Judge.

**THIS CAUSE** is before the Court on several motions from Defendants and Plaintiff alike for Summary Judgment. Upon consideration of these motions and the record in this cause, the Court finds as follows.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact." Fed.R.Civ.P. 56(c). The moving party bears the initial burden of showing, by reference to materials on record, that there are no genuine issues of material fact to be decided at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 320, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.

1991.) A moving party may discharge this burden by exposing an absence of evidence to support the nonmoving party's case. *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548.

If a moving party satisfies this burden, the nonmoving party may not rest upon mere allegations, but must then "go beyond the pleadings," and by its own affidavits, or by "depositions, answers to interrogatories, and admissions on file," establish that a genuine issue of fact remains for trial. *Id.* at 324, 106 S.Ct. 2548. A "genuine" dispute as to a material fact exists if the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970). If the record presents issues of material fact, the court must deny the motion. *Id.*

## PERTINENT FACTS

This case arose after an eight ton container of cosmetics, on its way from France to Miami, disappeared from an ocean terminal in Port Everglades (Fort Lauderdale), Florida. Plaintiffs are the insurers of the cargo, represented principally by Zurich International of France; Defendants include the carrier, P & O Containers, the stevedore, Sea–Land, and the security provider at Port Everglades, Wells Fargo.

## CARRIAGE OF GOODS BY SEA ACT

■ The bill of lading for the shipment expressly extends the time during which the Carriage of Goods by Sea Act (COGSA), 46 U.S.C.App. §§ 1300–1315, applies to include all times from the loading of the cargo, to the delivery of the cargo to its final destination in Miami. Therefore, COGSA applies to the issues of this cause. ·

## CROSS MOTIONS FOR PARTIAL SUMMARY JUDGEMENT ON LIMITING LIABILITY

All three defendants move for partial summary judgment on the issue of limiting liability; in response, Plaintiff has filed a cross motion. Under COGSA's limitation of liability provision, 46 U.S.C.App. § 1304(5), the carrier's liability may be limited to $500 per package. The central issue in these cross summary judgement motions concerns the number of "packages" for purposes of COGSA's liability equation. The parties also dispute which defendants may take advantage of section 4(5). The Court addresses each of these issues in turn.

Defendants contend there were 44 packages, comprising 42 pallets in which smaller cartons were loaded, plus 2 cartons that would not fit on the pallets. By Defendants' calculation, then, they are liable for only $22,000 under COGSA (44 × $500). Defendants cite *Binladen BSB Landscaping v. M/V Nedlloyd Rotterdam,* 759 F.2d 1006 (2d Cir.1985) in support of their argument. In *Binladen,* the 2d Circuit delineated four principles in interpreting COGSA's limitation of liability provision. *Id.* at 1080. The 11th Circuit explicitly adopted these principles, and boiled them down to two:

1) [W]hen a bill of lading discloses the number of COGSA packages in a container, the liability limitation of section 4(5) applies to those packages; but

2) when a bill of lading lists the number of containers as the number of packages, and fails to disclose the number of COGSA packages within each container, the liability limitation of section 4(5) applies to the containers themselves.

*Hayes–Leger Assoc. v. M/V Oriental Knight,* 765 F.2d 1076, 1080 (11th Cir. 1985).

The bill of lading in the instant case states, "31 PACKAGES NOS. 43/73 ORDER 70187x COSMETICS," and "11 PACKAGES + 2 CTNS, ORDER 70188A COSMETICS;" then, under the heading "UNIT TOTALS," this line: "42 PACKAGES STC 2268 CARTONS + 2 CTNS." Based on this language in the bill of lading and the 11th Circuit's decision in *Hayer–Leger*, Defendants maintain it is unquestionable the parties intended the number of "packages" to be 44 (31 + 11 + 2).

Conversely, Plaintiffs contend that the number of COGSA packages is 2270, comprising 2268 cartons placed on 42 pallets, plus the 2 cartons left over, making Defendants' total liability $1,134,000 (2270 × $500). Much of Plaintiffs' argument lies in their assertion that as shippers, they are entitled to greater deference under the law than the carrier. Plaintiffs assert that where there is an ambiguity as to the number of packages, the ambiguity should be resolved in favor of the shipper and against the carrier such that the greater number of containers represents the relevant number to be multiplied under COGSA, Citing *Sony. Magnetic Products, Inc. of America v. Merivienti O/Y*, 863 F.2d 1537, 1542 (11th Cir.1989) (interpreting *Vegas v. Compania Anonima Venezolana De Navegacion*, 720 F.2d 629 (11th Cir.1983)).

In light of this rule, Plaintiffs contend "package" is used three different ways in the bill of lading: 1) defining the four containers as "packages" in two different locations; 2) describing the pallets; 3) defining the two extra cartons. Because of the ambiguity in the use of the term "package" in the bill of lading, Plaintiffs claim that as shippers they are entitled to Summary Judgment.[1]

Defendants respond that Plaintiffs' argument is flawed since there is hardly any ambiguity in the bill of lading; rather, given the straight-forward language of the bill of lading, the 11th Circuit's *Binladen/Hayes–Leger* analysis is easily applied, and arguably wins the day for Defendants. Further, Defendants point out that the insured whom Plaintiffs represent is not your typical "naive" shipper, but is in fact quite business savvy, deeply involved in international cargo shipments, and undeserving of any special deference.

■ The Court agrees with Defendants that the bill of lading is generally clear and that the *Hayes–Leger* analysis applies, but disagrees with Defendants as to the result. As iterated above, the first Hayes–Leger rule states, "when a bill of lading discloses the number of COGSA packages in a container, the liability limitation of section 4(5) applies to those packages." *Hayes–Leger*, 765 F.2d at 1080. In the instant case, the smaller number of containers or pallets (42) is clearly indicated as the number of "packages." Nevertheless, the "UNIT TOTALS" line indicates a greater number of items: "42 PACKAGES STC 2268 CARTONS." The issue then turns on whether this "UNIT TOTALS" description of "2268 CARTONS" qualifies as a sufficient indication of the number of packages under COGSA. Facing a similar question, the *Hayes–Leger* court explained, "if the shipper intends to rely on the description portion of the bill of lading to disclose to the carrier the number of COGSA "packages" in a container, that description must indicate 'the number of items qualifying as packages (i.e., connoting preparation in some way for transport), such as "bundles," "cartons," or the like.'" *Id.* n. 9 (quoting *Binladen*, 759 F.2d at 1013–14).

---

1. Plaintiffs further argue that Defendants' definition of "package" violates COGSA section 3(8). Under this sub-section, any clause in the bill of lading which relieves the carrier of liability, or lessens such liability, is void. This provision has been interpreted to subsume overly broad or unreasonable definitions of "package" in the contract. See, e.g., *All Pa-* *cific Trading, Inc., et al. v. Vessel M/V Hanjin Yosu*, 7 F.3d 1427, 1433 (9th Cir.1993). However, as Defendants point out, nothing in the bill of lading attempts to define "package," unreasonably or otherwise. Therefore, the court rejects Plaintiff's section 3(8) argument.

By this analysis, then, "UNIT TOTALS" description does indicate the number of items qualifying as COGSA packages as "2268 CARTONS." Therefore, under the *Hayes–Leger* analysis, the Court finds that the number of COGSA packages is 2270, representing the 2268 cartons listed under UNIT TOTALS, plus the two other cartons.

■ Thus, by section 4(5)'s calculus, Defendants' liability is limited to $1,134,000. This amount does not represent Defendants' actual liability, but is a liability ceiling. Notably, the amount of damages Plaintiffs actually claim is $519,581.44. COGSA explicitly precludes carrier liability in an amount greater than the damage actually sustained. *See* section 4(5). Because limiting their liability under COGSA is not to the benefit of Defendants, it is not necessary to address which Defendants specifically fall under section 4(5). Accordingly, it is

**ORDERED AND ADJUDGED** that the Motions of Defendants P & O Containers, Sea–Land, and Wells Fargo for Partial Summary Judgment on Limitation of Liability are **DENIED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that Plaintiff's Motion for Partial Summary Judgement on Limitation of Liability is **GRANTED.**

### PLAINTIFFS' SUMMARY JUDGMENT AGAINST DEFENDANT P & O

Plaintiffs argue no genuine issue of fact exists as to Defendant P & O's liability under COGSA for the loss of the cargo. The critical issue is whether P & O exercised due diligence in providing for security of the cargo. If P & O can establish due diligence, P & O can exonerate itself from liability under COGSA's section 3(2).[2] Upon review of the parties' briefs and the

record in this cause, the court finds that P & O has come forward with enough evidence suggesting an issue of fact exists regarding whether P & O exercised due diligence. Therefore it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Summary Judgment against Defendant P & O on the issue of liability is **DENIED.**

### PREJUDGEMENT INTEREST

Plaintiffs request prejudgment interest in order to fully compensate for the loss. Such interest, commonly awarded in admiralty cases, is within the discretion of the Court. Prejudgment interest is not considered a penalty, but is compensation for the use of funds to which the claimant was rightfully entitled. *Noritake Co., Inc. v. M/V Hellenic Champion,* 627 F.2d 724, 728 (5th Cir.1980). Moreover, the denial of prejudgment interest is justified only when it would be inequitable for the losing party to be forced to pay such interest. *See id.* Defendants have alleged that Plaintiffs should be denied interest because of delay in prosecuting this case, but have adduced little compelling evidence. Therefore, it is

**ORDERED AND ADJUDGED** that Plaintiffs' request for prejudgment interest is **GRANTED.** Defendants shall pay prejudgment interest at the local rate of 12% from January 4, 1993 until January 1, 1995, and 8% from January 1, 1995 to the date of judgment.

---

**2.** Plaintiffs contend that P & O can only escape liability by showing the loss of the cargo was the result of the excepted causes listed in section 4(2). However, this contention does not comport with *Sony Magnetic v. Merivienti,*
863 F.2d 1537, 1539 (11th Cir.1989), which recognizes that a carrier may also escape liability under section 3(2) with evidence that the carrier exercised due diligence in preventing damage to the cargo.