Marc **SIZEMORE,** and Donald Fitzpatrick, Plaintiffs,

v.

**AFFORDABLE BATTERY, INC.,** Affordable Battery of Sunrise, Inc., and Curtis N. Soles, Defendants.

Case No. 13–61005–CIV.

United States District Court, S.D. Florida.

Signed Sept. 24, 2014.

Lindsay Marie Massillon, Charles Merrill Eiss, The Law Offices of Charles Eiss, P.L., Plantation, FL, for Plaintiff.

Chris Kleppin, Glasser & Kleppin, P.A., Plantation, FL, for Defendants.

## *ORDER*

WILLIAM J. ZLOCH, District Judge.

THIS MATTER is before the Court upon Defendants Affordable Battery, Inc., Affordable Battery of Sunrise, Inc., and Curtis N. Soles's Motion For Summary Judgment (DE 32). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

### I. *Background*

Plaintiffs Marc Sizemore and Donald Fitzpatrick (hereinafter "Plaintiffs") initiated the above-styled cause with the filing of the Complaint (DE 1). Plaintiffs' Second Amended Complaint (DE 19) alleges violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (hereinafter "the FLSA"). Specifically, Plaintiff Marc Sizemore (hereinafter "Plaintiff Sizemore") brings two claims: Count I for failure of Defendants Affordable Battery, Inc., Affordable Battery of Sunrise, Inc., and Curtis N. Soles (hereinafter "Defendants") to pay him overtime compensation for hours worked in excess of forty hours a week and Count II for Defendants' failure to pay his minimum wage compensation of $7.25 per hour, the statutory rate at all relevant times in the above-styled cause. *See* 29 U.S.C. § 206(a)(1)("(a) Employees engaged in commerce ... wages at the following rates: (1) except as otherwise provided in this section, not less than—(C) $7.25 an hour, beginning 24 months after that 60th day [June 24, 2009]"). Likewise, Plaintiff Donald Fitzpatrick (hereinafter "Plaintiff Fitzpatrick") brings two counts, Count III for overtime compensation and Count IV for minimum wage compensation.

The following facts, unless otherwise noted, are *materially* undisputed.[1] Defendants are companies and one of their own-

---

1. The following facts are taken from Defendants' Statement Of Undisputed Material Facts (DE 33) and from Plaintiffs' Response To Defendants' Statement Of Undisputed Material Facts (DE 37). The Court notes that Plaintiffs purport to dispute facts in the paragraphs relevant to the resolution of Plaintiffs' compensation disputes, i.e., primarily ¶¶ 15– 34. Yet, in ruling in favor of Defendants because Plaintiffs have failed to demonstrate that they have been deprived of *any* wages to which they are entitled under the FLSA, the Court finds that the material differences suggested by Plaintiffs' response are in no way material to the resolution of the instant Motion (DE 32).

ers, which, at least in part,[2] contract with AAA to sell batteries and other services to AAA's members. Both Plaintiffs were employed with Defendants in the capacity of drivers and salesmen who would receive calls to provide roadside assistance to AAA members experiencing car trouble by selling Defendants' products to such members.[3] As to the times relevant to claims in the above-styled cause, Plaintiff Sizemore was employed by Defendants from November 2009 until December 2012, with a break in employment around April 2012. Plaintiff Fitzpatrick's relevant months of employment were from August 2010 until August–September 2011.[4] The Parties dispute whether Plaintiffs were in fact paid all of the minimum wages and overtime to which they are entitled under the FLSA; however, as will be addressed in more detail below, based on a careful examination of the deposition testimony and evidence presented at this stage, the Court finds both Plaintiffs' beliefs that they have not received the pay to which they are entitled to be legal misunderstandings of the FLSA's requirements, rather than material factual disputes that would prevent the Court from entering judgment in favor of Defendants at this time.

## II. *Standard of Review*

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quotation omitted). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir.1991); *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir.1991).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. 2548; *Everett v. Napper*, 833 F.2d 1507, 1510 (11th Cir.1987). All justifiable inferences are to be drawn in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*,

---

**2.** The Court acknowledges that Plaintiffs dispute the primary focus of Defendants' business and relationship with AAA and further recognizes that it would be incumbent upon the Court to consider such dispute, *if* the Court were required to reach the exemptions from requirements to pay minimum wages and overtime under the FLSA.

**3.** Again, it is unnecessary for the Court to resolve to what extent Plaintiffs were engaged in providing roadside assistance and to what extent they were engaged in selling batteries and other products and services.

**4.** In his Declaration, though it makes no difference to the resolution of the instant Motion (DE 32), Defendant Curtis Soles states that the relevant periods of employment for purposes of the statute of limitations were that Plaintiff Sizemore was employed with Defendants from June 2010 to December 2012, with a break in April–May 2012, and Plaintiff Fitzpatrick was employed with Defendants from approximately September 2010 to July 2011. DE 33–1, ¶ 4.

477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### III. *Analysis*

As cited above, effective on June 24, 2009, the FLSA establishes a minimum wage of $7.25 an hour, 29 U.S.C. § 206(a)(1), for employees covered under the FLSA, *see* 29 U.S.C. § 203. Overtime compensation for employees under the FLSA is prescribed under the explanation of maximum hours, which states in pertinent part:

> (a) Employees engaged in interstate commerce; additional applicability to employees pursuant to subsequent amendatory provisions
>
> (1) Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours *unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.*

29 U.S.C. § 207(a)(1) (emphasis added). The Court notes that in the instant Motion (DE 32), Defendants argue that they are exempt from 29 U.S.C. §§ 206–207's minimum wage and overtime requirements because Plaintiffs are outside salesmen as governed by 29 U.S.C. § 213(a)(1), and additionally because Plaintiffs fall under the Motor Carrier Act (hereinafter "MCA") exemption, pursuant to 29 U.S.C. § 213(b)(1).

However, due to Plaintiffs inability to provide evidence that Plaintiffs were not in fact paid both minimum wages and overtime compensation to which they are entitled, the Court is not required to delve into potential legal and factual complexities related to the application of these exemptions in the above-styled cause. Not only have Plaintiffs provided *no* evidence that they were not paid at the FLSA-mandated rates, in their Response To Defendants' Motion For Summary Judgment (DE 36), Plaintiffs do not even address Defendants' argument that summary judgment is warranted because both Plaintiffs have already received all wages to which they were entitled by the FLSA. Whether or not facts are in dispute as to the applications of the exemptions is not a material question in this case because the Court finds, based on the testimony and evidence presented, Defendants are entitled to judgment as a matter of law because no testimony or evidence has been produced to dispute that they in fact paid Plaintiffs in accord with the minimum wage and overtime compensation requirements of the FLSA, 29 U.S.C. § 201 *et seq.*

The Court will briefly reference the record evidence which demonstrates that Plaintiffs have produced no evidence to contradict Defendants' explanation and evidence of how Plaintiffs were paid in accordance with the FLSA. In support of the instant Motion (DE 32), Defendants submitted the Declaration Of Curtis Soles (DE 33–1), in which Defendant Curtis Soles (hereinafter "Defendant Soles") explains in detail the way in which Plaintiffs were paid. Plaintiff Sizemore was paid under two different methods based on the fact that he was employed with Defendants longer than Plaintiff Fitzpatrick, whose employment with Defendants ended prior to the September 2012 changes. *See* DE 33–1, ¶¶ 4, 8. Plaintiffs offer no evidence that calls into question the veracity of Defendant Soles's Declaration even though at Plaintiffs' depositions, both tenaciously, if incorrectly, maintain their unsupported be-

liefs that they have not been paid in accordance with the law, as will be discussed below. Defendant Soles declares, with supporting exhibits, that on or before September 6, 2012, drivers were paid a base of $389.60 per week and a commission of $10.00 per battery, if at least six batteries were sold, or $15.00 per battery, if at least twelve batteries were sold. Other sales might also result in additional credit, but drivers kept cash tips. In order to calculate overtime compensation, the hourly rate of pay was found by adding the base pay and any commissions and dividing by the number of hours worked. When Defendants arrived at this regular hourly rate, then drivers were also paid the additional half of this regular rate for those hours worked in excess of forty per week. *See id.* ¶ 8. Plaintiff Fitzpatrick was compensated in this manner for the duration of his employment. Plaintiff Sizemore was also compensated in this manner until on or about September 6, 2012, when Defendants altered their method for computing pay slightly. Defendant Soles also notes that if, for any reason, the hourly rate did not equal $7.25 per hour during the times at issue in the above-styled cause, Defendants would then make certain drivers were paid at this rate. *Id.* at ¶ 9. Defendant Soles then explains the subsequent compensation structure which Defendants adopted on or about September 6, 2012, and which thus only affects the payments made to Plaintiff Sizemore. Under this scheme, the base rate was composed of $302.25, $10.00 for each battery sold, commissions for fuel sold, commissions for battery terminals sold, commissions for tire plugs sold, and tips for the week. Again, the division was performed, the regular hourly rate determined, and overtime paid at the required rate. *Id.* at ¶ 13. With respect to the fact that tips were included at this point, the Court notes that Defendants have provided, as an exhibit to De-

fendant Soles's Declaration, Fact Sheet # 15, signed by Plaintiff Sizemore, on September 6, 2012, providing notice of the appropriate FLSA provisions allowing for this practice of tip credit, as is required by 29 U.S.C. § 203(m). *See* 33-1, Exh. 2. Finally, Defendant Soles additionally provides:

> I have reviewed every single time and pay record that the Defendants possess for both Plaintiffs within the statute of limitations period of this case, and for each week within the statute of limitations period, no Plaintiff was ever paid less than the minimum wage. Further, each pay stub shows they were paid at least $7.25 per hour as their regular rate, though typically it is higher than that, and every hour worked over 40 in a week was paid at an overtime rate.

*Id.* at ¶ 11.

In the absence of any evidence from Plaintiffs to the contrary, the Court must conclude that there is no material factual dispute as to Defendant Soles's statements and proffered example pay stubs' accuracy in representing that Plaintiffs were paid in compliance with both the FLSA's minimum wage and overtime provisions. Neither in their depositions nor at any other time have Plaintiffs provided the Court with any pay stubs which they believe show FLSA violations. In their depositions, both Plaintiffs separately indicate that they have no independent records of hours worked or of payments made to them by Defendants and that anyone wishing to ascertain the hours that they worked should consult Defendants' records, as they have no memory of the specific hours worked during any specific week of their employment. For example, Plaintiff Sizemore was asked, "Do you— For any given week during this three-year period of time, do you know how many hours you worked that week?" and he re-

sponded, "I never kept a record of the amount of hours that I worked." DE 37–1, p. 78, l. 22 to p. 79, l. 1. *See also Id.* at p. 135, ll. 14–20 ("Q. And with respect to the time and pay records, obviously you'd have to defer to the company with respect to how accurate they are with respect to the hours that you worked and what time is included in there; correct? A. Yes, because I don't have any records of it at all."); *id.* at p. 145, l. 21 to p. 146, l. 4 ("Q. And every time you received a check from the company, this is the pay stub that you got; correct? A. Uh-huh. Yes. Q. Okay. So, there's nothing that's being hidden from you. You got these every week with your pay? A. Uh-huh. Q. Right? A. Yes."). Plaintiff Fitzpatrick provided similar responses when questioned as to whether he could provide any of his own records and whether Defendants' records were accurate. Plaintiff Fitzpatrick admitted that he did not have documents from Defendants in his possession, such as check stubs, logs, pay sheets. DE 37–2, p. 122, ll. 10–17. *See also id.* at p. 137, ll. 1–6 ("Q. No. The statement is simply that the records concerning the number of hours actually worked by you and the compensation actually paid to you are in the possession of Affordable Battery. Is that true or false? A. That's correct.").

At their depositions, both Plaintiffs demonstrated thorough misunderstandings of the computation of minimum wage and overtime under the FLSA. Neither Plaintiff demonstrated with any degree of clarity or provided any evidence that he did not receive the pay to which he was entitled. Plaintiff Sizemore responds that the following statement—"And you can't show me on either one of these stubs where the overtime violation is because your overtime hours ... they're paid at time and a half the converted rate?"—is "absolutely correct," DE 37–1, p. 153, ll. 3–7. He admits that he would have to defer to

Defendants to explain the pay stubs and pay records. *See Id.* at p. 154, ll. 3–7. In the process of being shown various pay stubs, after minimum wages were discussed, and when overtime was being addressed, Plaintiff Fitzpatrick is asked, "We have your whole last year here, which is the time period you're claiming damages for.... You need to point to me which weeks are those [pay records where there are overtime violations], sir. You have all your time and records right there in front of you." DE 37–2, p. 186, l. 25 to p. 187, l. 4. Plaintiff Fitzpatrick replies, "Because I don't understand this, so I don't—I wouldn't know what I was doing, so this is something for the lawyer's review ..." *Id.* at p. 187, ll. 8–10. By pointing to these examples from Plaintiffs' testimony, the Court does not intend to create an exhaustive catalogue, but cites these responses as instances of an overarching pattern of Plaintiffs' utter inability to even articulate how Defendants may be in any way in violation of their obligation to pay minimum wages and overtime compensation under the FLSA.

Because Plaintiffs offer mere bare statements of the most general nature and no evidence of Defendants' failure to pay minimum wages and overtime compensation as required by the FLSA to either Plaintiff, the Court finds that no genuine issue of material fact remains, and Defendants are entitled to judgment as a matter of law.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendants Affordable Battery, Inc., Affordable Battery of Sunrise, Inc., and Curtis N. Soles's Motion For Summary Judgment (DE 32) be and the same is hereby **GRANTED**; and

2. Final Judgment will be entered by separate Order.